UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NATHANIEL WATT,

                                                           Plaintiff,

                       -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS: PATRICK GOURLAY, JOHN REDHEAD, AND OFFICERS JOHN AND JANE DOE # 1-15, THE NAMES BEING FICTITIOUS AND PRESENTLY UNKNOWN, NEW YORK CITY DEPARTMENT OF CORRECTION: COMMISSIONER LOUIS MOLINA AND OFFICER KEVIN BLACKETT, ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY OF NEW YORK,

                                                         Defendants.

------------------------------------------------------------------X

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY, GOURLAY, REDHEAD, AND MOLINA**

22-CV-6841 (AMD) (RER)

<u>JURY TRIAL DEMANDED</u>

        Defendants the City of New York, New York City Police Department ("NYPD") Police Officer Patrick Gourlay, retired NYPD Detective John Redhead, and Department of Correction ("DOC") Commissioner Louis A. Molina (collectively "defendants") by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed, seek relief and bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 17, 2019, and further admit that, to date, this matter has not been resolved.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Admit only that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City of New York maintains a police department and a department of correction, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD and DOC respectively.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that on or about November 19, 2019 Patrick Gourlay, John Redhead, and Kevin Blackett were employed by the City of New York as police officers and/or correction officers.

9. Deny the allegations set forth in paragraph "9" of the Complaint and further state that to the extent paragraph "9" contains legal conclusions, no response is required.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to proceed as stated therein, and further state that to the extent paragraph "10" contains legal conclusions, no response is required.

11. Deny the allegations set forth in paragraph "11" of the Complaint and further state that the to the extent paragraph "11" contains legal conclusions, no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that, upon information and belief, 9101 Avenue N, Kings County ("9101 Avenue N") is a residential address and that on November 19, 2019 plaintiff was present at 9101 Avenue N.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that, on November 19, 2019, defendant Kevin Blackett was observed inside 9101 Avenue N.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that, on November 19, 2019, the police were called to respond to 9101 Avenue N.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that, upon information and belief, New York City Police Department Lieutenant Abdulrahman Hussein responded to the location.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the extent of the treatment provided to plaintiff by medical treatment providers.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that, on or about November 19, 2019, pursuant to plaintiff's arrest, he was present in a police vehicle.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff was transported from 9101 Avenue N to the 69th precinct.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff was transported from the 69th precinct to Brookdale Hospital Center.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and further deny knowledge or information sufficient to form a belief as to whether plaintiff was released on his own recognizance following his arraignment.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint as they pertain to the actions and observations of unidentified John and Jane Doe defendants.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the cited record for a complete and accurate recitation of its contents.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. In response to the allegations set forth in paragraph "80" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint as they pertain to the actions and observations of unidentified John and Jane Doe defendants.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. In response to the allegations set forth in paragraph "101" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. In response to the allegations set forth in paragraph "105" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. In response to the allegations set forth in paragraph "107" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. In response to the allegations set forth in paragraph "109" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in  paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint..

114. In response to the allegations set forth in paragraph "114" of the Complaint, defendants repeat and reallege the responses set forth to the preceding paragraphs of this answer, as if truly set forth herein.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

### AS TO A FIRST AFFIRMATIVE DEFENSE:

116. The Complaint fails to state a claim upon which relief can be granted

### AS TO A SECOND AFFIRMATIVE DEFENSE:

117. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

### AS TO A THIRD AFFIRMATIVE DEFENSE:

118. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS TO A FOURTH AFFIRMATIVE DEFENSE:

119. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### AS TO A FIFTH AFFIRMATIVE DEFENSE:

120. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS TO A SIXTH AFFIRMATIVE DEFENSE:

121. Punitive damages cannot be assessed against defendant City of New York.

## AS TO A SEVENTH AFFIRMATIVE DEFENSE:

122. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not the proximate result of any act of any defendant.

## AS TO AN EIGHTH AFFIRMATIVE DEFENSE:

123. Defendants Gourlay and Redhead have not violated any clearly established constitutional right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS TO A NINTH AFFIRMATIVE DEFENSE:

124. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## AS TO A TENTH AFFIRMATIVE DEFENSE:

125. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e) *et seq.*

## AS TO AN ELEVENTH AFFIRMATIVE DEFENSE:

126. At all times relevant to the acts alleged in the complaint, defendants Gourlay and Redhead acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE**, defendants City of New York, Gourlay, Redhead and Molina demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 6, 2023

        HON. SYLVIA O. HINDS-RADIX
        CORPORATION COUNSEL OF THE CITY OF NEW YORK
        *Attorney for Defendants City, Gourlay, Redhead, and Molina.*
        100 Church Street
        New York, New York 10007
        (212) 356-2617
        mpvirove@law.nyc.gov

By: _____
      Michael Pesin-Virovets
      *Senior Counsel*

cc: **BY ECF:**
Gregory Zenon, Esq.
*Attorney for plaintiff*
The Law Office of Gregory Zenon
30 Wall Street, 8th floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com