UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
NATHANIEL WATT,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICERS: PATRICK GOURLAY, JOHN
REDHEAD, AND OFFICERS JOHN AND JANE DOE
#1-15, *the names being fictitious and presently unknown*,
NEW YORK CITY DEPARTMENT OF
CORRECTION: COMMISSIONER LOUIS MOLINA
and OFFICER KEVIN BLACKETT, *all defendants in
their individual and official capacities as employees of the
City of New York*,

                                  Defendants.
----------------------------------------------------------------------- x

**REPORT AND
RECOMMENDATION**

22-CV-6841
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiff Nathaniel Watt brings this civil rights action pursuant to 42 U.S.C. § 1983 against

the City of New York, the New York City Police Department ("NYPD"), NYPD Officers Patrick

Gourlay and John Redhead, New York City Department of Corrections ("DOC"), and DOC

Commissioner Louis Molina (collectively, "City Defendants"), Officer Kevin Blackett

("Defendant Blackett"), and fifteen John and Jane Does purported to be "police officers of the City

of New York." *See generally* Dkt. No. 1 ("Compl."). Plaintiff asserts claims for deprivation of

his constitutional rights pursuant to 42 U.S.C §§ 1981, 1983, 1988, the Fourth, Fifth, Eight, and

Fourteenth Amendments of the United States Constitution, and New York State law. *Id.*

       Currently pending before this Court is Plaintiff's "Motion for Leave to File [an] Amended

Complaint and join new parties" ("Plaintiff's Motion"). *See* Dkt. No. 30. Specifically, Plaintiff

seeks to file an Amended Complaint that would (1) replace the names of two John Doe Police

Officer defendants with those of NYPD officers Abdullraha Hussein and Robert Link; (2) update the name of the DOC Commissioner to the current Commissioner, Lynelle Maginley-Liddie; (3) delete the remaining John Doe Officers; (4) update the caption; and (5) "to tighten up the factual allegation portion of the complaint."  Dkt. No. 30 at 1-2.  Defendant Blackett does not oppose the Amended Complaint (Dkt. Nos. 27-28); City Defendants "object to the addition of Officers Hussein and Link as defendants, but do not otherwise object."  Dkt. No. 30 at 2 (citing Dkt. No. 29).

For the reasons set forth below, the Court respectfully recommends[1] to the Honorable Ann M. Donnelly, United States District Judge, that Plaintiff's Motion be granted in part and denied in part.

## I.   <u>Background</u>

### A.   **Factual allegations**

The following recitation of facts is adapted largely from Plaintiff's original Complaint.  *See* Compl., Dkt. No. 1.

---

[1] United States magistrate judges have the authority to issue decisions on motions to amend without any referral from a district judge.  *See Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 187 (E.D.N.Y. 2022) (citing *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002) (finding that the magistrate judge acted within his authority in denying a motion to amend the complaint)); *see also* L. Civ. R. 72.2 ("a Magistrate Judge . . . is empowered to act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise").  "Courts in this circuit generally treat motions to amend as non-dispositive pre-trial motions," *Prosper v. Thomson Reuters Inc.*, No. 18-CV-2890 (OTW), 2021 WL 535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) (collecting cases).  A number of Courts in this Circuit "have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, -- F.Supp.3d -- , 2024 WL 379952, at *1 (S.D.N.Y. Feb. 1, 2024*); see also Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439 (AMD) (CLP), 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a).").  Given the unique procedural posture of the instant case and the recommended denial of Plaintiff's motion, the undersigned submits, out of an abundance of caution, a report and recommendation herein.

.

2

On or about November 19, 2019, Plaintiff visited a residence located in the vicinity of 9101 Avenue N in Kings County, New York.  Compl. ¶ 13.  While at the residence, Plaintiff alleges that Defendant Blackett—who was at the address for reasons unknown and unrelated to Plaintiff— "appeared from behind a door with his pistol drawn and fired point blank at [P]laintiff's face, hitting [P]laintiff in the face and the right eye with fragments from the discharged bullet."  *Id.*  at ¶¶ 14-15.  After Plaintiff fell to the ground, Plaintiff alleges that Defendant Blackett apprehended Plaintiff and "dragged [him] along the floor" while placing a handgun "against [P]laintiff's back." *Id.* at ¶¶ 16-17.

As the residence was inhabited by other individuals who all knew the Plaintiff, Plaintiff alleges that the residents "ran into the room in response to the gunshot."  *Id.* at ¶¶ 13, 19.  Plaintiff claims that Defendant Blackett reportedly "pointed his gun" at the residents and "held everyone captive."  *Id.* at ¶ 19.  Plaintiff also claims that Defendant Blackett also threatened to shoot the Plaintiff "if [he] moved." *Id.*  According to Plaintiff, Defendant Blackett failed to either request or render medical attention to Plaintiff at the scene—but directed "an adult female" to call the police. *Id.* at ¶ 20-21.  Plaintiff alleges that Defendant Blackett then reportedly proceeded to hold Plaintiff and the residents at gunpoint Defendant Gourlay and other defendant NYPD officers arrived at the scene.  *Id.* at ¶ 22.  Plaintiff also alleges that "[o]ne of the John Doe defendants included a supervising officer with a name that sounded like Hussein <sp>."  *Id.* at ¶ 23 (reference to "<sp>" in original).

Once additional NYPD officers arrived at the scene, Plaintiff claims that his repeated requests to be taken to a hospital were reportedly denied.  *Id.* at ¶¶ 25-26.  Instead, Plaintiff claims to only have been treated on site by an ambulance—a treatment Plaintiff purports to be inadequate. *Id.* at ¶ 27.  Once medical attention was rendered, Plaintiff was allegedly transported to a local

precinct.  *Id.* at ¶ 29.  Plaintiff asserts that he demanded to be taken to a hospital during his

transport—a request that was summarily denied by the Defendant police officers.  *Id.*  Plaintiff

was placed in a holding cell.  *Id.* at ¶ 31.  Plaintiff was eventually taken to a local hospital where

he contends that "some but not all of the bullet fragments were removed."  *Id.* at ¶ 33.

Plaintiff was charged with trespass, arraigned, and released on his own recognizance on

November 20, 2019.  *Id.* at ¶¶ 31, 35; Dkt. No. 39.[2]  Plaintiff's criminal case terminated in his

favor on or about March 2, 2020.  *Id.* at ¶ 35.

### B.    Procedural History

Plaintiff filed his Complaint on November 8, 2022.  Dkt. No. 1.  The Complaint asserts 21

federal and state causes of action, to wit: (1) false arrest and false imprisonment; (2) municipal

liability and negligent hiring, training and supervision; (3) unlawful search and seizure; (4)

deprivation of liberty and destruction of property without probable cause in contravention of the

Fourth Amendment; (5) excessive force; (6) malicious prosecution; (7) due process violations

related to his conditions of confinement; (8) denial of a fair trial; (9) cruel and unusual punishment;

(10) conspiracy; (11) failure to intervene; (12) failure to protect; (13) assault; (14) battery and/or

excessive force; (15) negligence; (16) intentional infliction of emotional distress; (17) destruction

and/or damage of property; (18-20) deliberate indifference to medical needs related to Plaintiff's

conditions of confinement; and (21) constitutional tort.  *See generally, id.*

On November 14, 2022, summonses were issued as to all defendants.  Dkt. No. 2.  On

March 6, 2023, an Answer was interposed on behalf of City Defendants.  Dkt. No. 12.  Defendant

---

[2] On March 29, 2024, this Court noted that "neither Plaintiff nor City Defendant provide the date of
Plaintiff's arraignment or the date that Plaintiff was released on his own recognizance" and ordered the
parties to jointly provide the Court with an exact date.  *See* Text Order dated March 29, 2024.  The parties
complied and submitted a joint letter representing that, "upon review of various NYPD and court related
records," Plaintiff was "both arraigned and released on his own recognizance on November 29, 2019."
Dkt. No. 39.

Blackett—who is not represented by the Office of the Corporation Counsel—filed his answer, along with crossclaims, on April 19, 2023. Dkt. Nos. 14-15, 17. City Defendants answered the crossclaims on May 10, 2023. Dkt. No. 19.

On February 28, 2024, following the five requests for an extension of time to file a motion to amend the complaint and join new parties (*see, e.g.,* Text Order dated January 24, 2023; Dkt. No. 37 at 3), Plaintiff filed the instant motion to amend the Complaint. Dkt. No. 30. On March 11, 2024, City defendants filed an opposition to Plaintiff's Motion to Amend. Dkt. No. 35. On March 15, 2024, Plaintiff's Motion became fully briefed when Plaintiff filed its Reply in Support of its Motion to Amend.

### C. Plaintiff's Motion

In its Amended Complaint, Plaintiff seeks to (1) substitute two John Doe officers as NYPD Police Officer Abdullraha Hussein (who was involved in the decision to arrest Plaintiff) and Police Officer Robert Link (who was the partner of the arresting officer); (2) update the name of the DOC Commissioner to the current Commissioner, Lynelle Maginley-Liddie; (3) "delete the remaining John Doe Officers," (4) amend the caption, and (5) "to tighten up the factual allegation portion of the complaint." Dkt. No. 30 at 1-2. Plaintiff purports to have learned of the identities of Officers Hussein and Link following the receipt of City Defendants' Initial Disclosures on June 20, 2023. *Id.* at 4. Plaintiff does not argue that his proposed claims against Officers Hussein and Link are timely; rather, Plaintiff argues that the Court should grant leave to amend because Plaintiff is "within the extension of time to amend the Complaint and add new defendants that was granted by the Court, upon City Defendants' consent, and due to City Defendants' delays in providing discovery." Dkt. No. 30 at 14; *see also* Dkt. No. 37 at 3-5.

In their opposition to Plaintiff's Motion, City Defendants argue that leave to amend should be denied as Plaintiff's claims against Officers Hussein and Link are time-barred and do not relate back to the original Complaint. *See* Dkt. No. 35, at 7.[3]  City Defendants also assert that, to the extent that state law is more forgiving, Plaintiff failed to satisfy a two-step test devised by New York state courts. *Id.* at 11-15.

## II.   <u>Legal Standard</u>

Pursuant to Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires," making sure to interpret the rule liberally in favor of amendment so as to enable disputes to be resolved on the merits whenever possible. *See* Fed. R. Civ. P. 15(a)(2); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (holding that leave to amend is entrusted to the court's discretion); *Assam v. Deer Park Spring Water, Inc*., 163 F.R.D. 400, 404 (E.D.N.Y. 1995).  "Rule 15(a)(2) is a lenient standard, and the Court is to "freely give leave when justice so requires." *Borozny v. Raytheon Techs. Corp., Pratt & Whitney Div.*, No. 3:21-CV-1657 (SVN), 2023 WL 7037523, at *2 (D. Conn. Oct. 26, 2023) (citing *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022)).  "If the [movant] has at least colorable grounds for relief, justice . . . require[s]" that the court grant leave to amend a complaint. *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y.1992) (quoting *S.S. Silberblatt v. East Harlem Pilot Block–Building 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir.1979)).

Generally, leave to amend pleadings under Fed. R. Civ. P. 15 shall only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[3] Citations are to the ECF-stamped pages.

In determining futility, the test is whether "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

## III.   Discussion

### A.   Plaintiff's request to replace two John Doe defendants with Officers Hussein and Link

In his proposed Amended Complaint, Plaintiff seeks to substitute NYPD Police Officer Abdullraha Hussein, who was allegedly involved in the decision to arrest Plaintiff, and NYPD Police Officer Robert Link, who was allegedly the partner of the arresting officer, as two of the John Doe defendants.  Specifically, in his proposed Amended Complaint, Plaintiff asserts 20 federal and state causes of action against Officers Hussein and Link, namely: (1) false arrest and false imprisonment; (2) unlawful search and seizure stemming from Plaintiff's arrest; (3) deprivation of liberty and destruction of property without probable cause in contravention of the Fourth Amendment stemming from Plaintiff's arrest; (4) excessive force arising out of his arrest; (5) malicious prosecution; (6) due process violations related to his conditions of confinement connected to tight handcuffing during his arrest and denial of medical treatment; (7) denial of a fair trial; (8) cruel and unusual punishment; (9) conspiracy to racially profile Plaintiff "cover up" the allegedly false arrest; (10) failure to intervene in the alleged unlawful conduct; (11) failure to protect Plaintiff from the allegedly unlawful conduct; (12) assault and/or excessive force; (13) battery and/or excessive force; (14) negligence; (15) intentional infliction of emotional distress; (16) destruction and/or damage of property; (17-19) deliberate indifference stemming from the alleged refusal to call for medical attention stemming from the accident; and (20) constitutional tort under New York State Law.  *See* Dkt. No. 39-1 at 4-11.

City Defendants maintain that Plaintiff's Section 1983 claims are time-barred as to Officers Hussein and Link and do not relate back to the filing of the original Complaint.  Dkt. No. 35 at 6. In support, City Defendants point to the fact that Plaintiff did not seek to amend the complaint "until February 28, 2024 —466 days after the statute of limitations expired." *Id.* at 8.  Specifically, City Defendants contend that the statute of limitations period accrued on November 19, 2019—the date of Plaintiff's arrest—and therefore, the three-year limitations period expired on November 19, 2022. *Id*. at 6-7.

It is "well established" that leave to amend need not be granted where the proposed amendment would be futile. *Williams v. Citigroup Inc.*, 599 F.3d 208, 218 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)).  Because an amendment is futile if it would not withstand a motion to dismiss (*F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017)), a court may deny leave to amend a claim that would be time-barred.  *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Here, because Plaintiff's claims against Officers Hussein and Link are time-barred and do not relate back to the filing of the original Complaint, the Court respectfully recommends that Plaintiff's Motion be denied as to naming Officers Hussein and Link as defendants in a proposed amended complaint.

### 1.    Plaintiff's proposed claims against Defendants Hussein and Link are time-barred

Because there is no federal statute of limitations governing actions brought pursuant to Section 1983, courts apply the forum state's general personal injury statute of limitations. *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994).  In an action arising in New York pursuant to Section 1983, New York's general statute of limitations for personal injury actions, which is three years, supplies the applicable statute of limitations. *See Pearl v. City of Long Beach*, 296

F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R § 214(5)); *see also Owens v. Okure*, 488 U.S. 235, 251 (noting that in New York, the applicable statute of limitations is three years); *Uzoigwe v. Charter Communications, LLC*, No. 23-CV-7383 (HG) (LB), 2024 WL 1311525, at *8 (E.D.N.Y. Mar. 18, 2024) ("Because plaintiff's retaliation and negligence claims are time barred, any amendment to those claims would be futile.").

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law conforming in general to common-law tort principles." *Carter v. City of New York Dep't of Correction*, No. 23-CV-3763 (HG) (MMH), 2023 WL 8358091, at *2 (E.D.N.Y. Dec. 1, 2023) (quoting *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019)); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007); *Pearl*, 296 F.3d at 80 ("Federal law determines when a section 1983 cause of action accrues."). "A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (internal quotation marks and citations omitted).

### a.    False arrest and false imprisonment claims

Here, Plaintiff's purported causes of action against Officers Hussein and Link sounding in false arrest and false imprisonment[4] accrued when Plaintiff became detained pursuant to the legal process. "*Wallace* held that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017) (citing *Wallace*, 549 U.S. at 589).

---

[4] "[W]here a plaintiff pleads claims for both false arrest and false imprisonment, courts analyze the two claims together. *See Pierre v. Madena*, No. 19-CV-247 (LDH), 2024 WL 1332669, at *2 (E.D.N.Y. Mar. 28, 2024 (citing *Worytko v. Cnty. of Suffolk*, No. 03-CV-4767 (DRH) (ARL), 2007 WL 1876503, at *2 n.4 (E.D.N.Y. June 28, 2007) (analyzing claims for false arrest and false imprisonment together because the two claims are "synonymous").

Plaintiff was arrested on November 19, 2019.  *See* Proposed Am. Compl., at ¶ 15-28.  In the Complaint and the Amended Complaint, Plaintiff states that he was arraigned and released on his own recognizance but does not provide a date for when these actions occurred.  Dkt. No. 1 at ¶¶ 31, 35.  Plaintiff does not address when the false arrest and false imprisonment claim accrued in his papers.  City Defendants argue that it accrued at the time of his arrest.  *See* Dkt. No. 35 at 6-7.  Following a Court order after briefing on the present motion was completed, the parties stated that Plaintiff's arraignment and release on his own recognizance occurred on November 20, 2019.  *See* Text Order dated March 29, 2024; Dkt. No. 39.

Plaintiff's cause of action for false arrest and false imprisonment accrued here at the time of his arraignment.  "In short, a false imprisonment claim starts to run when a detainee begins to be held pursuant to legal process."  *Watson*, 865 F.3d at 131 ("The timeliness of Watson's claim therefore depends on when he began to be held pursuant to legal process."); *see also Stacker v. McFadden*, No. 22-CV-1268 (DG) (MMH), 2024 WL 1124835, at *4 (E.D.N.Y. Mar. 13, 2024) ("The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the plaintiff becomes detained pursuant to legal process.") (citing *Wallace*, 549 U.S. at 397).

Given that Plaintiff was arraigned on November 20, 2019, Plaintiff's false arrest and false imprisonment claim became time-barred three years later, on November 20, 2022.  *See Livingston v. Mejia*, No. 20-CV-2009 (JPC), 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because he initiated this action over three years after his arraignment).  Thus, Plaintiff's proposed false arrest and false imprisonment claims against Officers Hussein and Link are currently time-barred.

It is not clear from the Complaint (or the proposed Amended Complaint) whether Plaintiff is also raising false arrest or false imprisonment claims under state law.  But if he is, such a claim is also time-barred.  "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law . . . Thus, under federal law, plaintiff's claim of false imprisonment under § 1983 accrued when plaintiff was arraigned[;] [b]y contrast, the accrual date of a state common law cause of action is a question of state law, and under New York law, a cause of action for the tort of false imprisonment accrues not on the date of arraignment but on the date of the prisoner's release from confinement." *Lynch v. Suffolk Cnty. Police Dep't*, 348 F. App'x 672, 675-76 (2d Cir. 2009) (citations and internal quotations omitted); *Molyneaux v. County of Nassau*, 16 N.Y.2d 663, 663, 261 N.Y.S.2d 294, 294, 209 N.E.2d 286 (1965) (holding that limitations period for state false arrest claim began to run when plaintiff, upon arraignment, was released on own recognizance).

Here, Plaintiff was released on his own recognizance on November 20, 2019.  Dkt. No. 39. "The statute of limitations for state law false arrest or false imprisonment, an intentional tort, is one year." *Mitchell v. Home*, 377 F. Supp. 2d 361, 377-78 (S.D.N.Y. 2005) (citing N.Y. C.P.L.R. § 215(3)).[5]  Thus, to the extent Plaintiff seeks to raise false arrest and false imprisonment claims against Officers Hussein and Link under state law, they are currently time-barred.

### b.    Malicious prosecution and fair trial claims

Plaintiff's malicious prosecution and fair trial claims accrued on March 2, 2020, when the criminal case terminated in Plaintiff's favor (Dkt. No. 1 at ¶ 35).  Malicious prosecution claims

---

[5] The Court notes that Plaintiff's claims against Defendant City of New York are likely subject to New York General Municipal Law § 50-i, which imposes a one-year and 90-day limitations period. This provision "takes precedence over the one-year period of limitations provided for in CPLR 215." Estate of Adkins v. County of Nassau, 141 A.D.2d 603, 603, 529 N.Y.S.2d 524, 525 (N.Y. App. Div. 1988).  The City of New York, however, is already a defendant in this action and the claims against the City are not time-barred.

accrue when "the prosecution terminates in the plaintiff's favor." *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (internal quotation marks and alterations omitted) (quoting *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014)); *Culpepper v. City of New York*, No. 14-CV-06585 (ALC), 2018 WL 1918619, at *7 (S.D.N.Y. Apr. 20, 2018) ("Denial of the right to fair trial claims accrue when a criminal prosecution is terminated.")  Given the three-year statute of limitations for such claims, the statute of limitations expired on March 2, 2023. *Id.*  Thus, proposed claims related to malicious prosecution or Plaintiff's right to a fair trial against Officers Hussein and Link are currently time-barred.

### c.     Excessive force claims

Plaintiff's fifth cause of action—excessive force—accrued on November 19, 2019, which is the date that the alleged excessive force occurred.  Given the three-year statute of limitations for such claims (*see, e.g., Burris v. Nassau Cnty. Dist. Att'y,* No. 14-CV-5540 (PKC) (ARL), 2023 WL 6450398, at *8 (E.D.N.Y. Sept. 30, 2023)), the statute of limitations expired on November 19, 2022.  Thus, any excessive claims against Officers Hussein and Link are currently time-barred.

### d.     Claims related to conditions of confinement and destruction of property

Plaintiff's multiple conditions of confinement claim are also barred by the three-year statute of limitations of Section 1983 cases. *McDaniel v. City of New York*, 585 F. Supp. 3d 503, 515 (S.D.N.Y. 2022), *report and recommendation adopted*, 2022 WL 874769 (S.D.N.Y. Mar. 24, 2022).  This claim began to accrue when Plaintiff "[knew] or [had] reason to know of the injury which is the basis of his action." *Id.* (citing *Jones v. City of New York*, 571 F. Supp. 3d 118, 128 (S.D.N.Y. Nov. 29, 2021)).

Here, the latest that Plaintiff could have become aware of unconstitutional conditions of confinement was when he was released on his own recognizance on November 20, 2019. *Id.*

Plaintiff's claims here expired three years later, on November 20, 2022. Thus, any conditions-related claims against Officers Hussein and Link are currently time-barred.

### e.    Conspiracy claims

The three-year statute of limitation also bars Plaintiff's conspiracy claim. *See, e.g., Paige v. Police Dep't of City of Schenectady*, 121 F. Supp. 2d 723, 727 (N.D.N.Y. 2000), *aff'd*, 264 F.3d 197 (2d Cir. 2001); *see Pulizotto v. McMahon*, 406 F. Supp. 3d 277 (S.D.N.Y. 2019) (explaining that for civil conspiracies, including conspiracies to violate an individual's civil rights, the cause of action accrues and the statute of limitations beings to run from the time of commission of the overt act alleged to have caused damages). Here, the conspiracy would have undoubtedly also begun on November 19, 2019, and thus, any conspiracy claims against Officers Hussein and Link are currently time-barred.

### f.    Failure to intervene and failure to protect claims

As to Plaintiff's failure to protect and failure to intervene claims, the statute of limitations for a claim accrues when the purported failure to intervene occurs. *Roundtree v. City of New York*, No. 15-CV-6582, 2018 WL 443751, *3 (S.D.N.Y. Jan. 16, 2018). Here, where Plaintiff alleges that the acts at issue occurred on November 19, 2019, the three-year statute of limitations elapsed on November 19, 2022. Thus, any failure to intervene or protect claims against Officers Hussein and Link are currently time-barred.

### g.    "Cruel and Unusual Punishment" claim

The Court need not analyze Plaintiff's purported cruel and unusual punishment claim as Plaintiff's allegations cannot raise a claim under the Eighth Amendment. The "Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' . . . and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally

associated with criminal prosecutions.'" *Sanders v. Simonovic*, No. 19-CV-5525 (LJL), 2021 WL 707060, at *10 (S.D.N.Y. Feb. 23, 2021) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986)). Instead, "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Sanchez v. City of New York*, 2020 WL 5238604, at *5 (S.D.N.Y. Feb. 11, 2020) ("Because Plaintiff was a pretrial detainee when the incidents in the complaint occurred, the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment applies to his claims.").

As discussed above, the conditions of confinement claims are currently untimely.  Thus, apart from the timeliness issue, any cruel and unusual claims under the Eighth Amendment against Officers Hussein and Link would be futile.

### h.     Intentional infliction of emotional distress

Similarly, the Court need not analyze Plaintiff's intentional infliction of emotional distress claim as it is not a cognizable claim under New York law.  "Generally, courts view those 'causes of action [as] duplicative of . . . causes of action alleging false arrest and false imprisonment, malicious prosecution, and assault and battery.'" *Demosthene v. City of New York*, No. 14-CV-816 (SJ) (VMS), 2015 WL 5093116, at *26 (E.D.N.Y. June 26, 2015), *report and recommendation adopted*, 2015 WL 5093164 (E.D.N.Y. Aug. 28, 2015) (quoting *Rodger v. City of New York*, 966 N.Y.S.2d 466, 469 (N.Y. App. Div. 2013)); *see Calicchio v. Sachem Cent. Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("To the extent that these causes of action are based on conduct

encompassed by traditional torts such as false imprisonment, malicious prosecution, and slander, the[y] are precluded by New York law, even if the alleged conduct falls short of the traditional tort."); *Brewton v. City of New York*, 550 F. Supp. 2d 355, 370 (E.D.N.Y. 2008) ("[T]o the extent that [the plaintiff] contends she suffered emotional distress as a result of the false arrest, her claim is encompassed entirely within other tort remedies and is thus precluded under New York law."); *Fischer v. Maloney*, 373 N.E.2d 1215, 1217 (N.Y. 1978) ("[I]t may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability, [such as] malicious prosecution and abuse of process.").

Thus, apart from timeliness issues, any intentional infliction of emotional distress claims against Officers Hussein and Link would be futile, or, alternatively, duplicative of claims that are already time-barred.

### i.      Remaining state law claims

Plaintiff's remaining state law claims—namely, assault, battery, negligence, deliberate indifference to medical needs, and constitutional tort claim—are all governed by the same three-year statute of limitations applicable to personal injury cases as delineated extensively above.  For the reasons set forth above, such claims—to the extent that they arose on November 19, 2019—are time-barred.

Moreover, any state law negligence claim here would be futile.  "Under New York law, the elements of a negligence claim are: '(1) that the defendant owed [plaintiff] a duty of care; (2) that the defendant breached that duty; and (3) that the defendant's breach was the proximate cause of the plaintiff's injuries.'"  *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 519–20 (S.D.N.Y. 2013).  New York, however, "does not, as a matter of public policy, recognize a claim for negligence

arising out of an arrest or prosecution." *Id.* at 520 (quoting *Paul v. Bank of Am. Corp.*, No. 09-CV-1932 (ENV) (JMA), 2011 WL 684083, at *3 (E.D.N.Y. Feb. 16, 2011)). "[U]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." *Watson*, 865 F.3d at 134 (citation omitted). Similarly, there is no tort under New York law of negligent investigation. *See id.* As a result, Plaintiff's cause of action of negligence has no basis in New York law. *Pandolfo v. U.A. Cable Sys. of Watertown*, 171 A.D.2d 1013, 1014, 568 N.Y.S.2d 981 (4th Dep't 1991) ("As a matter of public policy, there is no cause of action in the State of New York for negligent prosecution or investigation.").

Accordingly, the Court finds that all of Plaintiff's claims against Officers Hussein and Link are currently time-barred.

### 2. Plaintiff's ability to amend the Complaint per the Court's orders

Plaintiff argues that he "is still within the extension of time to amend the Complaint and add new defendants that was granted by the Court, upon City Defendants' consent[.]" Dkt. No. 30 at 14. This argument, however, is not supported by any evidence in the record or on the docket. While Plaintiff sought and obtained multiple extensions seeking leave to amend the Complaint, and while it appears that City Defendants' consented to these extensions, the Court only granted extensions for Plaintiff to *move* for leave to file an amended complaint, not for a deadline by which an amended complaint would be filed. Thus, any argument that Plaintiff's motion to amend is automatically timely under the Court's orders is without merit.

### 3. Plaintiff's claims do not relate back to the original Complaint.

The Court next evaluates whether Plaintiff's claims relate back to the original Complaint. In short, the Court finds that they do not.

As explained in *Burris v. Nassau Cnty. Dist. Att'y*, No. 14-CV-5540 (PKC) (ARL), 2023 WL 6450398, at \*10 (E.D.N.Y. Sept. 30, 2023),

> Rule 15(c)(1)(C) provides the standards for the relation back doctrine under federal law, which allows an amended complaint adding a new party to relate back to the date of the original pleading if four requirements are satisfied:
>
>> (1) the claim must have arisen out of conduct set out in the original pleading;
>> (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
>> (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and . . .
>> (4) the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and ... the original complaint [was] filed within the limitations period.

*Id.* (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) and quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir. 1995)).

"[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.  Thus, such an amendment may only [relate back] when all of the specifications of [Federal Rule of Civil Procedure] 15(c) are met."  *Barrow*, 66 F.3d at 468 (2d Cir. 1995) (alterations, citations, and internal quotation marks omitted).  That is not the case here.

First, Fed. R. Civ. P. 15(c)(1)(C), which allows relation back in the event of a "mistake concerning the proper party's identity," does not apply as the "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" within the meaning of the rule. *Hogan*, 738 F.3d at 517-18 (2d Cir. 2013) (quoting *Barrow*, 66 F.3d at 470); *see Anderson v. City of Mount Vernon*, No. 09-CV-7082 (ER)(PED), 2014 WL 1877092, at \*4 (S.D.N.Y. Mar. 28, 2014) ("Plaintiff's proposed amendment naming Sergeant Marcucilli as a defendant after the statute of limitations had run does not correct a mistake in the original complaint, but instead supplies information Plaintiff lacked at the outset.").

Second, Rule 15(c)(1)(A) directs courts to consider both federal and state law and apply whichever affords a "more forgiving" principle of relation back. *See Wilson v. City of New York*, No. 03-CV-2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006). "Rule 15(c)(1)(A) permits an amended pleading to relate back to the date of the original complaint if 'the law that provides the applicable statute of limitations allows relation back.'" *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013); Fed. R. Civ. P. 15(c)(1)(A). As the applicable statute of limitations is provided by New York law in this action, the Court must therefore look to the "entire body of limitations law" in New York to ascertain whether it would allow relation back. *Hogan*, 738 F.3d at 518 (emphasis omitted).

Under New York law, a party seeking relation back for a newly added defendant may utilize New York Civil Practice Law and Rules ("C.P.L.R.") § 1024 (New York's special procedure for claims against "John Doe" defendants) or C.P.L.R. § 203 (New York's general relation back statute). *See Strada v. City of New York*, No. 11-CV-5735 (MKB), 2014 WL 3490306, at *6–8 (E.D.N.Y. July 11, 2014).

Section 1024 of the New York C.P.L.R. provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. For C.P.L.R. § 1024 to apply, "a party must meet two requirements," including, in relevant part, "the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'" *Hogan*, 738 F.3d at 519 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 29 (2d Dep't 2009)). With respect to this requirement, "New York courts stress that [a]ny failure to exercise due diligence to ascertain the

18

[John Doe's] name subjects the complaint to dismissal as to that party." *Wilson v. City of New York*, Nos. 15-CV-07368 (AJN) (KHP), 2017 WL 9538860, at *4, (S.D.N.Y. Apr. 4, 2017), *report and recommendation adopted*, 2017 WL 2693599 (S.D.N.Y. June 19, 2017); *Olivo v. City of New York*, No. 14-CV-4966-ERK, 2015 WL 4645271, at *4 (E.D.N.Y. Aug. 4, 2015).

Section 203 of the New York C.P.L.R. § 203 provides the three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another: "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*, 87 N.Y.2d 173, 1778 (1995) (internal quotation marks omitted).

Here, Plaintiff filed his initial complaint on November 8, 2022—eleven days before the statute of limitations elapsed for most of his claims. Dkt. No. 1. On March 6, 2023, following the grant of an extension of time to file an answer, counsel for City defendants appeared an interposed an Answer. Dkt. Nos. 5-6, 12. On May 1, 2023, following an Initial Conference, the Honorable Ramon E. Reyes, then-U.S. Magistrate Judge, adopted the parties' proposed Case Management Statement and ordered the parties' Initial Disclosures to be produced by April 24, 2023. *See* Dkt. No. 18, Minute Entry dated May 1, 2023. City defendants produced their Initial Disclosures on June 20, 2023—still within the statute of limitations for Plaintiff's claims. Dkt. No. 30, at 4; Dkt. No. 30-2.[6] On September 5, 2023, Plaintiff requested an extension of time to "join new parties"— citing that he was waiting for Defendants to gather documents and answers in response to

---

[6] It is unclear, at this time, why City Defendants waited until June 20, 2023 to produce its Initial Disclosures when the Case Management Statement endorsed by Judge Reyes established an April 24, 2023 deadline.

Plaintiff's requests for documents and interrogatories dated August 7, 2023.  Dkt. No. 20.  Four more requests for extensions ensued.  *See* Dkt. Nos. 21-24.

There can be no dispute, however,  that City Defendants' June 20, 2023 disclosures contained ample identifying information permitting Plaintiff to join Officers Hussein and Link.  *See* Dkt. No. 30-2.  City Defendants identified Officers Hussein and Link as part of these disclosures; City Defendants included these officers' full names, tax ID numbers, services addresses, and a description that they were "on scene for Plaintiff's arrest").  *Id.*  Plaintiff had until September 8, 2023 to join new parties as of right but decided not to do so.  *See* Dkt. No. 18; Minute Entry dated May 1, 2023.

Additionally, the fact that Plaintiff sought five extensions (including one within the limitations period) does not obviate the need for Plaintiff to diligently seek to amend the Complaint.  If anything, the five extensions only serve to show that Plaintiff did not act with due diligence.  Each of Plaintiff's extension requests cited delays in the receipt of certain documents and body- camera footage from City defendants.  Dkt. Nos. 20-24.  Plaintiff, however, did *not* need to wait for the receipt of City defendants' additional productions to name new defendants, particularly as the City's Initial Disclosures contained enough information to amend the Complaint and join Officers Hussein and Link.  At bottom, Plaintiff's efforts do not constitute the requisite diligence.  *See Cotto v. City of New York*, No. 16-CV-8651 (NRB), 2018 WL 3094915, at *6 (S.D.N.Y. June 20, 2018).

Plaintiff has also not offered any evidence that he endeavored in any way, using any of the resources at his disposal, to identify the John Doe officers earlier in the litigation.  *See Wilson*, 2017 WL 9538860, at *4 (listing a variety of means by which a plaintiff in a § 1983 action may ascertain the identities of unknown officers, such as serving Freedom of Information Law requests,

writing to the New York City Police Department to request the names of the arresting officers, or examining court filings in the criminal case that may contain the names of the officers involved).

Moreover, Plaintiff's "failure to timely name the Unnamed Officers is . . .not a 'mistake' that qualifies for relation back" under C.P.L.R. § 203. *Lopez v. City of New York*, No. 15-CV-1650 (NRB), 2017 WL 213243, at *3 (S.D.N.Y. Jan. 10, 2017); *see also Berman v. Perez*, No. 17-CV-2757 (JGK), 2018 WL 565269, at *3 (S.D.N.Y. Jan. 24, 2018*); McElligott v. City of New York*, No. 15-CV-7107 (LGS), 2017 WL 6210840, at *6 (S.D.N.Y. Dec. 7, 2017). Additionally, while Plaintiff makes a passing reference to an officer with the last name of Hussein on paragraph 23 of the Complaint, such a reference is insufficient to relate back here. Indeed, courts in this Circuit have only found such passing references to a purported defendant sufficient in the *pro se* context. Court in this Circuit have found *pro se* complaints to sufficiently plead claims against defendants when there are adequate factual allegations in the body of the complaints to establish that the plaintiff intended them as defendants. *See, e.g., Brazley v. ACS,* No. 16-CV-07138 (LDH) (PK), 2017 WL 4621951, at *1 n.1 (E.D.N.Y. Oct. 13, 2017) (liberally construing the complaint as against all of the defendants that plaintiff named whose names did not appear in the caption of the complaint but the defendants' names and a short description of their conduct were included in the body of the complaint); *Ocasio v. Riverbay Corp.*, No. 06-CV-6455 (PAC) (KNF), 2007 WL 1771770, at *7 (S.D.N.Y. June 19, 2007) (finding that the text of the complaint established individual as intended defendant despite lack of specificity in the caption); *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 531 (E.D.N.Y. 1997) (finding plaintiff sufficiently alleged personal involvement of certain individuals even though he failed to name them as defendants in the caption or body of the complaint). But Plaintiff here is represented by counsel and the Complaint cannot be afforded the same special solicitude given to *pro se* complaints. *Cf. Triestman v. Fed. Bureau*

*of Prisons,* 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Ruotolo v. I.R.S.,* 28 F.3d 6, 8 (2d Cir. 1994) ("Courts must read pro se complaints with 'special solicitude' and interpret them to raise the 'strongest arguments that they suggest.'").

Thus, Plaintiff's claims against Officers Hussein and Link do not relate back to the filing of his initial complaint. Plaintiff offers no credible legal argument supporting such a finding. Indeed, Plaintiff primary argument—that the City Defendants waived a statute of limitation defense by consenting to repeated extensions of discovery response deadlines—is devoid of legal support. As each claim is time-barred, the undersigned respectfully recommends that Plaintiff be denied leave to amend with respect to replacing the John Doe defendants with Officers Hussein and Link on the basis of futility.

**B.      Plaintiff's request to update the name of the DOC Commissioner**

The undersigned respectfully recommends that the new DOC Commissioner, Lynelle Maginley-Liddie, be automatically substituted for former DOC Commissioner Molina pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

In both the Complaint and the proposed Amended Complaint, Plaintiff does not explicitly indicate what relief he is seeking against the DOC Commissioner. But as Plaintiff appears to have named the DOC Commissioner in his or her official capacity—as evidenced by the fact that Plaintiff identifies former DOC Commissioner Molina in the caption of the Complaint, but then names Commissioner Molina's predecessor, former DOC Commissioner Vincent Schiraldi, as a defendant in the Complaint at ¶ 1—the new DOC Commissioner should be automatically substituted under Fed. R. Civ. P. 25(d). "Suits against public officers that seek damages are directed at the particular officer whose allegedly unlawful actions are claimed to have caused damage to plaintiffs." *Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018), *aff'd*, 592 U.S. 43

(2020). "In contrast, suits against officers in their official capacity, which generally seek injunctive relief, are directed at the office itself." *Id.* (citing Fed. R. Civ. P. 17(d)). "As a result, if the defendant in an official capacity suit leaves office, the successor to the office replaces the originally named defendant." *Tanvir*, 894 F.3d at 459 (citing Fed. R. Civ. R. 25(d*)); Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 334 (E.D.N.Y. 2018) (Donnelly, J.) ((automatically substituting a Cabinet secretary and an agency director pursuant to Fed. R. Civ. P. 25(d)).

Accordingly, the undersigned respectfully recommends that DOC Commissioner Maginley-Liddie be automatically substituted for former DOC Commissioner Molina.

### C. Plaintiff's request to delete the remaining John Doe Officers and amend the caption of the Complaint

The undersigned respectfully recommends that the Court permit Plaintiff to amend the caption of the Complaint to delete the John Doe defendants. The undersigned also respectfully recommends that the Clerk of Court terminate all John Doe defendants from the docket.

### D. Plaintiff's request to "tighten up the factual allegation portion of the Complaint"

Plaintiff states, in a conclusory fashion, that he seeks to "tighten up the factual allegation portion of the [C]omplaint." Dkt. No. 30 (citing Dkt. No. 26). Plaintiff's reference to Dkt. No. 26 is to a letter to the Court in which he, again, states "tighten up the factual allegation portion of the [C]omplaint." Dkt. No. 26. Plaintiff did not abide by Rule VI of the undersigned's Individual Practice Rules, which states that "[w]hen submitting a pre-motion letter regarding a request to amend a pleading, the moving party shall attach: (1) the proposed amended pleading and (2) a redlined comparison of the operative pleading and proposed amended pleading." It remains unclear as to what Plaintiff means by "tighten[ing] up the factual allegation portion of the

[C]omplaint").  Without more explanation, the undersigned respectfully recommends that the Court deny these vague request as to what Plaintiff intends to add or delete from the proposed Amended Complaint.

## IV.    **Conclusion**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion be **GRANTED in part** and **DENIED in part.**

A copy of this Report and Recommendation is being electronically served on counsel for the parties.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Donnelly.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

Dated:        Brooklyn, New York
              April 2, 2024

                            _/s/ Joseph A. Marutollo_
                            JOSEPH A. MARUTOLLO
                            United States Magistrate Judge