UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**NATHANIEL WATT**,                                           :
                                                              :
                              Plaintiff,                      :     **MEMORANDUM DECISION AND**
                                                              :     **ORDER**
               – against –                                    :
                                                              :     22-CV-6841 (AMD) (JAM)
                                                              :
**THE CITY OF NEW YORK, NEW YORK**                            :
**CITY POLICE OFFICERS PATRICK**                              :
**GOURLAY** and **JOHN REDHEAD**, **OFFICERS**                :
**JOHN DOE** and **JANE DOE #1–15**, **NEW**                  :
**YORK CITY DEPARTMENT OF**                                   :
**CORRECTIONS COMMISSIONER LOUIS**                            :
**MOLINA**, and **OFFICER KEVIN BLACKETT**,                   :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On November 8, 2022, the plaintiff brought this 42 U.S.C. § 1983 action against the City of New York, New York City Police Officers Patrick Gourlay and John Redhead (collectively, the "City Defendants"), New York City Department of Corrections ("DOC") Commissioner Louis Molina, Officer Kevin Blackett, and fifteen John and Jane Does to whom the plaintiff refers as "police officers of the City of New York." (ECF No. 1.) The plaintiff alleges that NYPD officers conspired together to arrest him unlawfully on trespassing charges.[1]

On February 28, 2024, the plaintiff moved for leave to file an amended complaint and join new parties. (ECF No. 30.) In his proposed amended complaint, the plaintiff seeks to (1) replace two John Doe police officers with NYPD Officers Abdullraha Hussein and Robert Link; (2) replace the former DOC Commissioner with the current Commissioner, Lynelle Maginley-

---

[1] The plaintiff asserts 21 federal and state claims. (ECF No. 53 at 4–5.)

Liddie; (3) remove the remaining John Doe police officers as defendants; (4) "update the caption;" and (5) "tighten up the factual allegation portion of the complaint." (*Id.* at 1–2; ECF No. 55 at 2.) The City Defendants object to adding Officers Hussein and Link as defendants. (ECF No. 35.)

On May 31, 2024, Magistrate Judge Joseph A. Marutollo issued a *sua sponte* amended report and recommendation, recommending that the Court grant in part and deny in part the plaintiff's motion. (ECF No. 53.) Judge Marutollo recommended that the Court grant the plaintiff's motion except "to the extent that [the p]laintiff seeks to assert additional facts against Officers Hussein and Link in support of claims that are ultimately time-barred" or "seeks to name Officers Hussein and Link as defendants in the caption." (*Id.* at 25.) The plaintiff filed an objection on June 12, 2024. (ECF No. 55.) The defendants did not file a response or objection.[2]

For the following reasons, I adopt the amended report and recommendation in its entirety, and grant the plaintiff leave to amend the complaint consistent with the amended report and recommendation.

## LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(1). Objections are reviewed *de novo* when they are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-

---

[2] Neither party objects to the facts and procedural history discussed in the background section of the amended report and recommendation. Therefore, I adopt those facts in their entirety.

In footnote 3 of the amended report and recommendation, the date of the plaintiff's arraignment and release on his own recognizance is stated as "November 29, 2019." This is a typographical error. The correct date was November 20, 2019. The correct date was used to calculate the statute of limitations.

2

0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t] . . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))). If "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [the party's] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs., LLC*, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (citation omitted); *see also Colliton v. Donnelly*, No. 07-CV-1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) (summary order). "[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Saada v. Golan*, No. 18-CV-5292, 2023 WL 1993538, at *2 (E.D.N.Y. Feb. 13, 2023) (citations omitted).

## DISCUSSION

The Court has carefully reviewed the portions of Judge Marutollo's meticulous and thoughtful amended report and recommendation to which no objections were made for clear error and finds none.

The plaintiff objects to Judge Marutollo's recommendation that the Court deny his request to add NYPD Officers Abdullraha Hussein and Robert Link as defendants in an amended complaint. (ECF No. 55 at 11–16.) In particular, the plaintiff challenges Judge Marutollo's conclusion that the plaintiff's proposed claims against Officers Hussein and Link are time-barred and do not relate back to the filing of the original complaint. These are the same arguments that he made to Judge Marutollo, and Judge Marutollo considered and rejected them. *See, e.g., Off.*

*Comm. of Unsecured Creditors of Exeter Holdings Ltd. v. Haltman*, No. 13-CV-5475, 2016 WL 128154, at *5 (E.D.N.Y. Jan. 12, 2016) (objections to a report and recommendation that are identical to those put forth in motion papers are reviewed for clear error).  Having reviewed Judge Marutollo's amended report and recommendation, the available record, and relevant case law, the Court finds no clear error in Judge Marutollo's recommendation that the Court deny the plaintiff's request to add Officers Hussein and Link as defendants in an amended complaint.

The Court agrees with Judge Marutollo's well-reasoned analysis and conclusions in full and, therefore, adopts the amended report and recommendation in its entirety.  The plaintiff is granted leave to file an amended complaint consistent with the amended report and recommendation.

## CONCLUSION

For these reasons, the amended report and recommendation is affirmed.  The plaintiff is granted leave to amend the complaint within 60 days.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
       July 9, 2024