UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL WATT,<br><br>                               Plaintiff,<br><br>              -against-<br><br>NEW YORK CITY POLICE OFFICERS: PATRICK GOURLAY and JOHN REDHEAD, and OFFICER KEVIN BLACKETT, in their individual and official capacities as employees of the City of New York,<br><br>                              Defendants. | **DEFENDANT POLICE OFFICERS' (REPLACEMENT) STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**<br><br>No. 22-cv-06841 (AMD)(JAM) |

       Pursuant to Local Civil Rule 56.1 of the Rules of this Court, Defendants Patrick Gourlay and John Redhead submit the following statement of material facts as to which there is no genuine issue to be tried:[1]

       1.       On November 19, 2019, Plaintiff Nathaniel Watt was arrested and charged with criminal trespass in the Second and Third Degree, as well as given a citation for the simple violation of trespass. *See* NYPD Omniform Arrest Report, annexed as Exhibit B to the June 6, 2025 Declaration of Tobias E. Zimmerman ("Zimm. Decl.").

       2.       On November 19, 2019, Plaintiff Nathaniel Watt was transported from the 69th Precinct to Brookdale Hospital at approximately 8:30p.m., and was returned to the 69th Precinct

---

[1] The material facts set forth herein are adopted only for purposes of Defendants' motion for Summary Judgment. *See* Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion"). Defendants reserve the right to assert different and/or conflicting facts at trial. *See Vasconcellos v. City of New York*, 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y.) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

at approximately 3:15am on November 20, 2019. *See* Zimm. Decl. Ex. C, Medical Treatment of Prisoner Form.

3. On November 20, 2019, Plaintiff was transported from the 69th Precinct to Brooklyn Central Booking at approximately 12:37 p.m., and was released on his own recognizance at approximately 8:49 p.m. following arraignment. *See* Zimm. Decl. Ex. D, Prisoner Movement Form.

4. On March 2, 2020, the criminal charges against Plaintiff were dismissed upon his acceptance of an adjournment in contemplation of dismissal. *See* Zimm. Decl. Ex. A, Amended Complaint (ECF No. 62), at ¶ 30; Zimm. Decl. Ex. E, April 19, 2024 Deposition of Plaintiff Nathaniel Watt at 62:14–23.

5. Within one week following his release from custody on November 20, 2019, Plaintiff sought medical care at clinic where he was given eye drops and told to return if he continued to experience irritation. Plaintiff never sought any other medical treatment related to the incident on November 19, 2019. Zimm. Decl. Ex. E, Pl.'s Dep. at 62:24–64:20.

Dated: New York, New York
June 6, 2025

**MURIEL GOODE-TRUFANT**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants Gourlay & Redhead*
100 Church Street
New York, New York 10007
(212) 356-2423

By: _____
Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel (**via ECF**)

2