UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATHANIEL WATT,

Plaintiff,

-against-

No. 22-cv-06841 (AMD)(JAM)

NEW YORK CITY POLICE OFFICERS PATRICK
GOURLAY and JOHN REDHEAD, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER KEVIN
BLACKETT, in their individual and official capacities as
employees of the City of New York,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT
POLICE OFFICERS' MOTION TO DISMISS THE AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM AND FOR SUMMARY JUDGMENT</u>**

**MURIEL GOODE-TRUFANT**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants Gourlay, and Redhead*
100 Church Street
New York, New York 10007

By:   Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division
(212) 356-2423

Dated June 6, 2025

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**TABLE OF CONTENTS** ............................................................................................... i

**TABLE OF AUTHORITIES** ........................................................................................ iii

**PRELIMINARY STATEMENT** ................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................... 2

**STANDARDS OF REVIEW** ........................................................................................ 6

       A.   Motion to Dismiss For Failure To State A Claim. ........................................ 6

       B.   Motion For Summary Judgment ................................................................... 6

**ARGUMENT** ................................................................................................................ 7

   POINT I:      PLAINTIFF FAILS TO ALLEGE OR ESTABLISH ANY
                 PERSONAL INVOLVEMENT BY POLICE OFFICER REDHEAD ............. 9

   POINT II:     ACTUAL OR AT LEAST ARGUABLE PROBABLE CAUSE
                 EXISTED TO ARREST PLAINTIFF FOR TRESPASSING ....................... 10

       A.   Actual Probable Cause Existed To Arrest Plaintiff
           For Trespass. ............................................................................. 11

       B.   Arguable Probable Cause Existed And Officer
           Gourlay Is Therefore Entitled To Qualified
           Immunity. .................................................................................. 14

   POINT III:    PLAINTIFF CANNOT ESTABLISH THE ELEMENTS OF
                 MALICIOUS PROSECUTION AGAINST OFFICER GOURLAY .............. 15

       A.   Probable Cause Did Not Dissipate Before The
           Prosecution Was Commenced. ................................................... 16

       B.   Plaintiff Cannot Establish Actual Malice. ................................. 17

   POINT IV:    PLAINTIFF HAS FAILED TO EVEN ALLEGE—MUCH LESS
                 ESTABLISH—A CLAIM FOR DENIAL OF A RIGHT TO FAIR
                 TRIAL ........................................................................................... 18

   POINT V:     PLAINTIFF CANNOT ESTABLISH A CLAIM FOR DENIAL OF
                 MEDICAL CARE .......................................................................... 20

POINT VI:    PLAINTIFF HAS NOT ALLEGED OR ESTABLISHED A DUE PROCESS CLAIM BASED ON THE CONDITIONS OF HIS CONFINEMENT ................................................................21

POINT VII:    PLAINTIFF HAS NOT ALLEGED OR ESTABLISHED A CONSPIRACY TO VIOLATE HIS CIVIL RIGHTS ....................................23

**CONCLUSION** .................................................................................. 24

**CERTIFICATION** ........................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Federal Cases</u>

*Adebiyi v. City of New York*, No. 13-CV-480 (WFK) (CLP),
  2014 U.S. Dist. LEXIS 139474 (E.D.N.Y.)................................................................11

*Amore v. Novarro*,
  624 F.3d 522 (2d Cir. 2010)..........................................................................................11

*Anderson v. Creighton*,
  483 U.S. 635 (1987).......................................................................................................14

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).........................................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................6, 10

*Bailey v. City of New York*,
  79 F. Supp. 3d 424 (E.D.N.Y. 2015) ...........................................................................19

*Baker v. McCollan*,
  443 U.S. 137 (1979).......................................................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................6

*Boyd v. City of New York*,
  336 F.3d 72 (2d Cir. 2003)............................................................................................16

*Brogdon v. City of New Rochelle*,
  200 F. Supp. 2d 411 (S.D.N.Y. 2002)...........................................................................18

*Brown v. City of New York*,
  201 F. Supp. 3d 328 (E.D.N.Y. 2016) ..........................................................................12

*Brown v. Eli Lilly & Co.*,
  654 F.3d 347 (2d Cir. 2011)............................................................................................7

*Caiozzo v. Koreman*,
  581 F.3d 63 (2d Cir. 2009)............................................................................................20

*Campbell v. Giuliani*,
  2001 U.S. Dist. LEXIS 609 (E.D.N.Y.)........................................................................13

*Casale v. Kelly*,
  257 F.R.D. 396 (S.D.N.Y. 2009) ..................................................................................11

*Clynch v. Chapman*,
  285 F. Supp. 2d 213 (D. Conn. 2003)..............................................................................8

*Coakley v. Jaffe*,
  49 F. Supp. 2d 615 (S.D.N.Y. 1999)................................................................................8

## TABLE OF AUTHORITIES

(cont.)

**Page(s)**

*Conway v. Vill. of Mount Kisco*,
   750 F.2d 205 (2d Cir. 1984)...........................................................................15

*Coollick v. Hughes*,
   699 F.3d 211 (2d Cir. 2012)............................................................................7

*Curley v. Village of Suffern*,
   268 F.3d 65 (2d Cir. 2001).............................................................................13

*Dancy v. McGinley*,
   843 F.3d 93 (2d Cir. 2016).............................................................................11

*Darnell v. Pineiro*,
   849 F.3d 17 (2d Cir. 2017).............................................................................21

*Devenpeck v. Alford*,
   543 U.S. 146 (2004).......................................................................................12

*Dukes v. City of New York*,
   879 F. Supp. 335 (S.D.N.Y. 1995) ...............................................................16

*Escalera v. Lunn*,
   361 F.3d 737 (2d Cir. 2004)..........................................................................17

*Blouin ex rel. Estate of Pouliot v. Spitzer*,
   356 F.3d 348 (2d Cir. 2004)..........................................................................15

*Fabrikant v. French*,
   691 F.3d 193 (2d Cir. 2012)............................................................................7

*Farmer v. Brennan*,
   511 U.S. 825 (1994).......................................................................................22

*Fulton v. Robinson*,
   289 F.3d 188 (2d Cir. 2002)..........................................................................17

*Gersbacher v. City of New York*,
   134 F. Supp. 3d 711 (S.D.N.Y. 2015)...........................................................20

*Golino v. City of New Haven*,
   950 F.2d 864 (2d Cir. 1991)..........................................................................15

*Gonzalez v. City of Schenectady*,
   728 F.3d 149 (2d Cir. 2013).....................................................................12, 15

*Heck v. Humphrey*,
   512 U.S. 477 (1994).......................................................................................19

*Hunter v. Bryant*,
   502 U.S. 224 (1991).......................................................................................14

*Illinois v. Gates*,
   462 U.S. 213 (1983).......................................................................................12

*Jaegly v. Couch*,
   439 F.3d 149 (2d Cir. 2006)..........................................................................11

## TABLE OF AUTHORITIES

(cont.)

**Page(s)**

*Jimenez v. City of New York*,
    2015 U.S. Dist. LEXIS 128604 (S.D.N.Y.)................................................................13

*Jocks v. Tavernier*,
    316 F.3d 128 (2d Cir. 2003)......................................................................................15

*Johnson v. Constantellis*,
    221 F. App'x. 48 (2d Cir. 2007) ...............................................................................16

*Jones v. NYC/DOC/VCBC Warden Carter*,
    2022 U.S. Dist. LEXIS 228216 (S.D.N.Y.)...............................................................21

*Kinzer v. Jackson*,
    316 F.3d 139 (2d Cir. 2003)................................................................................15, 16

*Lee v. Sandberg*,
    136 F.3d 94 (2d Cir. 1997)...................................................................................14, 15

*Lennon v. Miller*,
    66 F.3d 416 (2d Cir. 1995)........................................................................................15

*Lewis v. City of New York*,
    591 F. App'x 21 (2d Cir. 2015) ................................................................................18

*Lowth v. Town of Cheektowaga*,
    82 F.3d 563 (2d Cir. 1996).........................................................................................17

*Malley v. Briggs*,
    475 U.S. 335 (1986)....................................................................................................14

*Manganiello v. City of New York*,
    612 F.3d 149 (2d Cir. 2010).......................................................................................16

*Matthews v. City of New York*,
    889 F. Supp. 2d 418 (E.D.N.Y. 2012) .......................................................................11

*McCrae v. Town of Brookhaven*,
    2024 U.S. Dist. LEXIS 227171, 2024 WL 5120016 (E.D.N.Y.) ............................23

*McCree v. City of New York*, No. 21-cv-02806 (NCM) (LKE),
    2025 U.S. Dist. LEXIS 54046 (E.D.N.Y. Mar. 24, 2025)..................................23, 24

*McDaniel v. City of New York*,
    585 F. Supp. 3d 503 (S.D.N.Y. 2022)........................................................................19

*McKay v. City of New York*,
    32 F. Supp. 3d 499 (S.D.N.Y. 2014)..........................................................................11

*McKinney v. City of Middletown*,
    49 F.4th 730 (2d Cir. 2022) .........................................................................................6

*Miloslavsky v. AES Eng'g Soc'y, Inc.*,
    808 F. Supp. 351 (S.D.N.Y. 1992) .............................................................................13

*Mitchell v. City of New York*,
    841 F.3d 72 (2d Cir. 2016).........................................................................................15

## TABLE OF AUTHORITIES

(cont.)

Page(s)

*Mitchell v. County of Nassau*,
   786 F. Supp. 2d 545 (E.D.N.Y. 2011) ...................................................................23

*Miyares v. City of New York*,
   2013 U.S. Dist. LEXIS 110406 (S.D.N.Y.) ......................................................10, 17

*Moffitt v. Town of Brookfield*,
   950 F.2d 880 (2d Cir. 1991) ............................................................................10

*Moore v. Newton*, No. 14-CV-6473 (MKB) (CLP),
   2016 U.S. Dist. LEXIS 121839 (E.D.N.Y. Sep. 7, 2016) ........................................16

*Nieves v. Fahmy*, No. 15-CV-7297 (AMD) (ST),
   2016 U.S. Dist. LEXIS 159057 (E.D.N.Y. Nov. 16, 2016) ......................................19

*Oliveira v. Mayer*,
   23 F.3d 642 (2d Cir. 1994) ............................................................................14

*Olugbenga Akinnagbe v. City of New York*,
   128 F. Supp. 3d 539 (E.D.N.Y. 2015) ................................................................7

*Ostensen v. Suffolk County*,
   236 F. App'x 651 (2d Cir. 2007) .....................................................................24

*Panetta v. Crowley*,
   460 F.3d 388 (2d Cir. 2006) ...........................................................................13

*Pangburn v. Culbertson*,
   200 F.3d 65 (2d Cir. 1999) ............................................................................23

*Papineau v. Parmley*,
   465 F.3d 46 (2d Cir. 2006) ............................................................................15

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ................................................................................10, 14

*Pelletier v. Zweifel*,
   921 F.2d 1465 (11th Cir. 1991) .......................................................................8

*Posr v. Court Officer Shield # 207*,
   180 F.3d 409 (2d Cir. 1999) ...........................................................................15

*Posr v. N.Y. State Court Officer*, No. 96-CV-5200 (CLP),
   2006 U.S. Dist. LEXIS 13934 (E.D.N.Y.) .........................................................16

*Provost v. City of Newburgh*,
   262 F.3d 146 (2d Cir. 2001) ...........................................................................14

*Ricciuti v. New York City Transit Auth.*,
   124 F.3d 123 (2d Cir. 1997) ...........................................................................19

*Rohman v. New York City Transit Auth.*,
   215 F.3d 208 (2d Cir. 2000) ...........................................................................16

*Rothstein v. Carriere*,
   373 F.3d 275 (2d Cir. 2004) ...........................................................................16

## TABLE OF AUTHORITIES

(cont.)

Page(s)

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003 ......................................................................16

*Scott v. Harris*,
   550 U.S. 372 (2007) .............................................................................7

*Singer v. Fulton Cnt'y Sheriff*,
   63 F.3d 110 (2d Cir. 1995) ...................................................................12

*Smith v. Tobon*,
   529 Fed. App'x 36 (2d Cir. 2013) ........................................................10

*Sulkowska v. City of New York*,
   129 F. Supp. 2d 274 (S.D.N.Y. 2001) ..................................................17

*Urena v. City of New York*,
   2024 U.S. Dist. LEXIS 111762 (S.D.N.Y.) ..........................................21

*Vasconcellos v. City of New York*,
   2015 U.S. Dist. LEXIS 121572 (S.D.N.Y.) ............................................3

*Wahhab v. City of New York*,
   386 F. Supp. 2d 277 (S.D.N.Y. 2005) ..................................................13

*Walker v. City of New York*,
   2015 U.S. Dist. LEXIS 91410 (S.D.N.Y.) ............................................19

*Watt v. City of New York.*,
   740 F. Supp. 3d 212 (E.D.N.Y. 2024) ...................................................8

*Weyant v. Okst*,
   101 F.3d 845 (2d Cir. 1996) .................................................................11

*Windsor v. United States*,
   699 F.3d 169 (2d Cir. 2012) ...................................................................7

*Wright v. Smith*,
   21 F.3d 496 (2d Cir. 1994) ...................................................................10

*Zahrey v. Coffey*,
   221 F.3d 342 (2d Cir. 2000) .................................................................19

*Zalaski v. City of Hartford*,
   723 F.3d 382 (2d Cir. 2013) .................................................................17

**State Cases**

*Holland v. City of Poughkeepsie*,
   90 A.D.3d 841, 935 N.Y.S.2d 583 (2d Dep't 2011) .............................11

*Nardelli v. Stamberg*,
   44 N.Y.2d 500 (1978) ..........................................................................17

*Smith-Hunter v. Harvey*,
   95 N.Y.2d 191 (2000) ..........................................................................16

## TABLE OF AUTHORITIES

(cont.)

**Page(s)**

*Torres v. Jones*,
   26 N.Y.3d 742 (2016) .......................................................................................15

**Statutes**

42 U.S.C. § 1983 ..................................................................................... *passim*

N.Y. Penal L. § 140.05 ...................................................................................12

N.Y. Penal L. § 140.10 ...................................................................................12

N.Y. Penal L. § 140.15 ...................................................................................12

**Rules**

Fed. R. Civ. P. 8 ...............................................................................................8

Fed. R. Civ. P. 12 .............................................................................1, 2, 6, 18

Fed. R. Civ. P. 56 ...................................................................................1, 6, 7

Local Civil Rule 56.1 ..................................................................................3, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATHANIEL WATT,

         Plaintiff,

   -against-

NEW YORK CITY POLICE OFFICERS: PATRICK
GOURLAY and JOHN REDHEAD, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER KEVIN
BLACKETT, in their individual and official capacities as
employees of the City of New York,

         Defendants.

No. 22-cv-06841 (AMD)(JAM)

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT
### POLICE OFFICERS' MOTION TO DISMISS THE AMENDED COMPLAINT
### <u>FOR FAILURE TO STATE A CLAIM AND FOR SUMMARY JUDGMENT</u>

Defendant Police Officers Patrick Gourlay and John Redhead (hereinafter "the Defendant

Police Officers"),[1] by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of

New York, respectfully submit this Memorandum of Law in support of their motion to dismiss the

Amended Complaint for failure to state a claim upon which relief could be granted, and for sum-

mary judgment pursuant to Rules 12(b)(6) and 56(a) of the Federal Rules of Civil Procedure.[2]

### <u>PRELIMINARY STATEMENT</u>

This false arrest case arises out of a private dispute between Plaintiff Nathaniel Watt and

co-Defendant Kevin Blackett.  One of the two police officers named in this suit, Officer Gourlay,

responded to that dispute, ascertained the largely-uncontested facts of what had occurred, and

---

[1] Defendant Redhead's actual rank at the time of the incident was Detective, but for the sake of
convenience he is referred to herein by the rank set forth in the caption of the Amended Complaint.

[2] Plaintiff voluntarily withdrew his claims against the City of New York and the New York City
Commissioner of Correction.  *See* Minute Entry dated November 21, 2024.  The New York City
Law Department does not represent co-Defendant Kevin Blackett in this matter.

arrested Plaintiff for trespassing on Blackett's property.  As outlined below, Plaintiff was granted

leave to amend his Complaint after the close of discovery.  The Amended Complaint (ECF No. 62)

Plaintiff filed is legally deficient with respect to many of the claims that it purports to advance.

Because the Defendant Police Officers have not yet responded to the Amended Complaint, they

are moving to dismiss those portions of the amended pleading that but fail to state viable claims

against them.

With respect to the few claims in the Amended Complaint where Plaintiff arguably meets

his burden under Rule 12(b)(6), ample evidence in the record—particularly Plaintiff's own testi-

mony—establishes that the Defendant Police Officers are entitled to summary judgment.  Specif-

ically, Plaintiff's arrest was supported by probable cause, that Plaintiff was repeatedly offered

medical care which he declined, and that once he changed his mind he was promptly transported

to a hospital and received treatment for his minor injuries.  As a result, there is no reasonable

dispute of fact, and no reasonable juror could find that Plaintiff's constitutional rights were violated

by the Defendant Police Officers.  At the very least, any set of facts that Plaintiff could establish

on the existing record would clearly support the Officers' defense of qualified immunity.  As such,

Officers Gourlay and Redhead are entitled to dismissal of each and every claim against them in

the Amended Complaint.

## STATEMENT OF FACTS

For the purpose of the Defendant Police Officers' motion to dismiss portions of the

Amended Complaint for failure to state a claim, they rely strictly on the facts (or lack thereof)

contained within the pleading itself.  With respect to the remaining claims, the facts requisite for

summary judgment are undisputed.

At approximately 6:30 p.m. on November 19, 2019, members of the New York City Police

Department, including Defendant Police Officer Patrick Gourlay, received a 911 call about an

incident at 9109 Avenue N in Brooklyn.  *See* Amend. Compl. at ¶ 21; Defendant Kevin Blackett's Statement of Undisputed Facts Pursuant to Local Rule 56.1 And Plaintiff's Counter Statement in Response (ECF No. 58-1) ("Blackett 56.1") at ¶¶ 17, 20.[3]  Upon responding to the scene, the officers found a number of people in front of that address, including Plaintiff and co-Defendant Kevin Blackett.  *See* Amend. Compl. at ¶ 22; Blackett 56.1 at ¶¶ 19–21.  Also present was Plaintiff's friend, Shaquille Erskine, whose mother was Mr. Blackett's tenant, and who resided upstairs at that address.  Blackett 56.1 at ¶ 19.

After securing the scene and insuring there was no active danger, the officers conducted an investigation.  During the course of that investigation, the police officers were informed that Mr. Blackett is the lawful owner of the property at 9109 Avenue N.  *See* Blackett 56.1 at ¶¶ 1, 21.  They were further informed that Mr. Blackett had come to the property to retrieve some belongings from the unoccupied basement apartment.  Blackett 56.1 at ¶ 4.  While in the basement, Mr. Blackett had observed signs that someone was using the basement unit without his permission, which corresponded with information he had received suggesting Mr. Erskine had been entering the basement illegally for the purpose of smoking marijuana.  Blackett 56.1 at ¶ 7; Declaration of Defendant Kevin Blackett dated June 5, 2025 (ECF No. 76-1) ("Blackett Decl.") at ¶ 4.

Mr. Blackett informed the police that, while he was in the basement, he heard someone attempting to enter through the locked door, and that when he opened the door a struggle ensured between him and the person now identified as Plaintiff Nathaniel Watt.  Blackett 56.1 at ¶¶ 21.

---

[3] The material facts set forth in Defendants' respective Rule 56.1 statements are adopted only for purposes of this motion for summary judgment.  *See* Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion").  Defendants reserve the right to assert different and/or conflicting facts at trial.  *See Vasconcellos v. City of New York*, 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y.) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

Blackett informed the police that he and Plaintiff had struggled over a firearm, and the gun had discharged. *Id.* Mr. Blackett also informed the officers that neither Mr. Erskine or Plaintiff had authorization or permission to be inside the basement area of the property. Blackett 56.1 at ¶ 28. The officers ascertained that no one was seriously injured and offered Plaintiff medical care on at least two occasions. Blackett 56.1 at ¶¶ 23, 33. Plaintiff declined the offer of medical assistance while at the scene on Avenue N. *Id.*

The responding officers took custody of Blackett's firearm and advised him to call his union delegate to meet him at the 69th Precinct, where he would be questioned by members of NYPD's Internal Affairs Bureau, as well as representatives of the Department of Correction. *See* Blackett Decl. at ¶¶ 17–18. Before leaving the scene, Blackett made a brief statement describing the events, which was captured on one or more of the police officers' body worn cameras. Blackett 56.1 at ¶ 29 Later, at the precinct, Blackett spoke gave a second statement concerning his ownership of the property. Blackett 56.1 at ¶ 35. Blackett also informed the officers he spoke to that Plaintiff had no authority or permission to be inside of the basement of 9109 Avenue N. Blackett 56.1 at ¶¶ 23, 33. Blackett also signed a corroborating affidavit to that effect. Blackett 56.1 at ¶ 40.

Plaintiff Nathaniel Watt was arrested and charged with criminal trespass in the Second and Third Degree, as well as given a citation for the simple violation of trespass. *See* Defendant Police Officer's (Replacement) Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Police Ofc. 56.1) at ¶ 1.[4] After being transported to the 69th Precinct, Plaintiff was subsequently

---

[4] Former Defendant City of New York submitted a preliminary Rule 56.1 statement on behalf of itself and the Defendant Police Officers on September 12, 2024, in accordance with the Court's Individual Practices and Rules. *See* ECF No. 60-1. Because the claims remaining in the case are much narrower following dismissal of the City, the Defendant Police Officers are submitting a replacement statement of material facts pursuant to Local Civil Rule 56.1 in support of this motion.

transported to Brookdale Hospital, where he was diagnosed as having gunshot residue in his left eye.  Amend. Compl. at ¶ 28.  Plaintiff was treated and released from the hospital after several hours.  Police Ofc. 56.1 at ¶ 2.  Following his release from the hospital, Plaintiff was transported to Brooklyn Central Booking and was arraigned on the charges of criminal trespass that same day.  Police Ofc. 56.1 at ¶ 3.  Plaintiff was subsequently released from custody on his own recognizance.  Amend. Compl. at ¶ 29.  The criminal case against Plaintiff eventually concluded on March 2, 2020, when he accepted an Adjournment in Contemplation of Dismissal.  Amend. Compl. at ¶ 30; Police Ofc. 56.1 at ¶ 4.

Following his release from custody on November 20, 2019, Plaintiff sought medical attention  for his eye on one occasion, where he was given unspecified eye drops, and told to return if the irritation persisted.  Police Ofc. 56.1 at ¶ 5.  Plaintiff never sought any further medical attention and does not allege any long-term injuries to his eye resulting from any treatment by the NYPD.  *See generally* Amend. Compl.; Police Ofc. 56.1 at ¶ 5.

Plaintiff filed this suit on November 8, 2022.  *See* Complaint (ECF No. 1).  The parties engaged in discovery, during which time Plaintiff was deposed.  Plaintiff engaged in written discovery but declined to conduct any depositions of his own.  The Court certified discovery as complete on April 26, 2024.  On July 9, 2024, the Court granted Plaintiff leave to amend his complaint within 60 days, which time was later extended to September 17, 2024.  *See* ECF No. 56 & Minute Order dated September 12, 2024.  Plaintiff filed his Amended Complaint on September 15, 2024, ECF No. 62, and Defendant Blackett answered on October 3, 2024.[5]  The City of New York and the Defendant Police Officers indicated their intent to move to dismiss the Amended Complaint,

---

[5] A copy of the Amended Complaint is annexed as Exhibit A to the June 6, 2025 Declaration of Tobias E. Zimmerman ("Zimm. Decl.").

and were granted an adjournment *sine die* for answering that pleading in light of the already con-

templated motions for summary judgment. *See* ECF No. 67 and Minute Order dated October 7,

2024.

## STANDARDS OF REVIEW

The Defendant Police Officers are moving to dismiss all of Plaintiff's claims against them.

Plaintiff has failed to adequately allege many of his putative claims in the post-discovery Amended

Complaint, and those claims should be dismissed under Fed. R. Civ. P. 12(b)(6). For those few

claims that Plaintiff arguably alleges with sufficient particularity, the evidence adduced in discov-

ery—particularly Plaintiff's own testimony—makes clear that the officers are entitled to summary

judgment under Rule 56.

### A.    Motion to Dismiss For Failure To State A Claim.

Pursuant to Rule 12(b)(6), a pleading is properly dismissed when, read in the light most

favorable to the non-movant, it "fail[s] to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12. To survive a motion to dismiss, a complaint must contain "sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court

should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a *plausible*

claim of relief. *See id.* This describes most of the putative claims in the Amended Complaint,

including every cause of action against Police Officer Redhead. The Amended Complaint should

therefore be dismissed in its entirety against Defendant Police Officer Redhead, and those portions

which fail to adequately state a claim against Officer Gourlay should likewise be dismissed.

### B.    Motion For Summary Judgment.

"The role of the district court on summary judgment is not to resolve disputed issues of

fact but to assess whether there are any factual issues to be tried." *McKinney v. City of Middletown*,

49 F.4th 730, 738 (2d Cir. 2022) (quotation marks omitted).  Summary judgment should be granted

when the Court determines that "there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he mere existence

of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no genuine issue of material fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  "A fact is material if it might affect

the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."  *Windsor v. United*

*States*, 699 F.3d 169, 192 (2d Cir. 2012), *aff'd by* 570 U.S. 744 (2013) (cleaned up).

Defendants have "the burden of showing that no genuine issue of material fact exists and

that the undisputed facts entitle [them] to judgment as a matter of law."  *Coollick v. Hughes*, 699

F.3d 211, 219 (2d Cir. 2012) (citations omitted).  To avoid summary judgment, Plaintiff must "do

more than simply show that there is some metaphysical doubt as to the material facts," and he

"may not rely on conclusory allegations or unsubstantiated speculation."  *Brown v. Eli Lilly & Co.*,

654 F.3d 347, 358 (2d Cir. 2011) (cleaned up).  In considering these cross-motions for summary

judgment, the Court may rely on undisputed video evidence, even where the parties disagree over

the characterization of that evidence.  *See Olugbenga Akinnagbe v. City of New York*, 128 F. Supp.

3d 539, 544 (E.D.N.Y. 2015) (citing *Scott v. Harris*, 550 U.S. 372, 379–80 (2007) *and Fabrikant*

*v. French*, 691 F.3d 193, 215 n.6 (2d Cir. 2012)).

### ARGUMENT IN SUPPORT OF DEFENDANT POLICE OFFICERS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiffs' Amended Complaint sets forth a barebones account of the facts allegedly at is-

sue, and purports to state twenty-one separate "Cause[s] of Action" under 42 U.S.C. § 1983 and

New York common law.  *See generally* Amended Complaint (ECF No. 62) at ¶¶ 35–109.  Virtually

all of the counts in the Amended Complaint are pleaded generally against the "Defendants" with no attempt to specify which Defendant is alleged to have committed which harm.  By failing to state with any particularity which "Cause of Action" is asserted against which Defendants, the Amended Complaint "sets forth a potpourri of vague and conclusory allegations that for the most part are not explicitly linked to any specific factual assertions, making it extremely difficult to discern the precise nature of [the] claim[s]." *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 625 (S.D.N.Y. 1999).  In other words, the Amended Complaint is "the sort of 'shotgun pleading' that illustrates plaintiffs' utter disrespect for Rule 8, Fed. R. Civ. P." *Id.* (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).  "[T]his *en masse* form of pleading, which fails to set out which conduct is alleged to abridge which constitutional provision, unnecessarily consumes party and court resources to sort out. . . ." *Clynch v. Chapman*, 285 F. Supp. 2d 213, 219 n.4 (D. Conn. 2003). *See also Watt v. City of New York.*, 740 F. Supp. 3d 212, 225 (E.D.N.Y. 2024) (Marutollo, M.J.) (noting the lack of clarity in both the original and Amended Complaints in this case).

With Plaintiff's voluntary withdrawal of his claims against the City and the DOC Commissioner, many of Plaintiff's "causes of action" are no longer at issue. *See, e.g.*, Amend. Compl. at ¶¶ 39–49 ("Second Cause of Action").  Reading Plaintiff's remaining claims liberally, it appears that he is seeking to hold the Defendant Police Officers liable for: (1) false arrest; (2) malicious prosecution; (3) denial of his right to a fair trial; (4) denial of medical care; (5) a due process claim related to conditions of confinement; and (6) conspiracy to violate Plaintiff's civil rights.  The remainder of Plaintiff's claims, such as those for "excessive force" or "assault and battery," appear

to be targeted towards co-Defendant Blackett, as Plaintiff has certainly neither alleged nor adduced facts that would support such claims against the two NYPD officers.[6]

The Defendant Police Officers have done their best to address in this brief what they understand to be the entire universe of Plaintiff's claims against them, meritorious or not.  To the extent Plaintiff later argues that the Amended Complaint asserts some claim that the Defendant Officers have failed to discern—and which is therefore not addressed in this brief—it should be self-evident that no such claim is actually stated with sufficient particularity in the pleading, and therefore is not truly before the Court.  Nevertheless, to avoid any potential confusion regarding the scope of this motion, the Defendant Police Officers affirmatively state that they are moving to dismiss or for summary judgment on and each and every "Cause of Action" in the Amended Complaint and are asking the Court to dismiss this case against them in its entirety.  The Defendant Police Officers reserve the right to address any belatedly identified "claims" in their Reply, and also reserve the right to seek leave to submit supplemental briefing as necessary.

On the undisputed facts in the record, Plaintiff cannot recover for any of the events described in the Amended Complaint, and the Defendant Police Officers are entitled to a complete dismissal of the claims against them.

## POINT I
## PLAINTIFF FAILS TO ALLEGE OR ESTABLISH ANY
## PERSONAL INVOLVEMENT BY POLICE OFFICER REDHEAD

The Amended Complaint names "Police Officer" John Redhead in the caption and first paragraph in his "individual and official capacit[y] as [an] employee[] of the City of New York." Amend. Compl. at p.1 & ¶ 1.  However, those two references to Officer Redhead are the only place

---

[6] The lack of detail and precision in Plaintiff's Amended Complaint is even more egregious considering that he was granted leave to amend after the close of discovery, and therefore filed his pleading after having an opportunity to fully develop his factual claims.

his name appears anywhere in the Amended Complaint. *Compare* Amend. Compl. at ¶ 12 (mentioning Officer Gourlay by name). Given the lack of factual allegations against him, Officer Redhead is entitled to summary judgment.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). *See also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[i]t is well settled in [the Second] Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991))); *Miyares v. City of New York*, 2013 U.S. Dist. LEXIS 110406, at *9 (S.D.N.Y.) ("As an initial matter, the Court notes that summary judgment is warranted where there is no evidence that a named defendant participated in the misconduct alleged in the pleadings. Here, Plaintiff brings claims against nine different members of the NYPD, but she fails to make any relevant record as to eight of them." (citing *Smith v. Tobon*, 529 Fed. App'x 36, 39 (2d Cir. 2013))).

Because Plaintiff has not even alleged—much less established—any specific involvement that would support a claim against Officer Redhead, all claims against him should be dismissed.

## POINT II
## ACTUAL OR AT LEAST ARGUABLE PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF FOR TRESPASSING

Plaintiff cannot maintain a claim for false arrest because Officer Gourlay had probable cause to arrest him for trespassing. At the very least, Officer Gourlay was reasonable in believing there was probable cause, and therefore would be entitled to qualified immunity.[7]

---

[7] The Court may decide the questions of actual probable cause versus "arguable" probable cause in whichever order it deems most efficient. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A Section 1983 claim for false arrest asserts a Fourth Amendment right to be free from unreasonable seizure and requires establishing the same elements as a false arrest claim under New York common law. *See, e.g.*, *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016); *Adebiyi v. City of New York*, No. 13-CV-480 (WFK) (CLP), 2014 U.S. Dist. LEXIS 139474, at *13–14 (E.D.N.Y.). To hold Officer Gourlay liable for false arrest, Plaintiff must establish how that the Defendant "intentionally confined him without his consent and without justification." *Dancy*, 843 F.3d at 107 (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). The principal justification for an arrest is the existence of probable cause, and court's have unequivocally held that "[t]he existence of probable cause to arrest constitutes a 'complete defense' to an action for false arrest, whether that action is brought under Section 1983 or state law." *Matthews v. City of New York*, 889 F. Supp. 2d 418, 433 (E.D.N.Y. 2012) (citing *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010)); *see also Casale v. Kelly*, 257 F.R.D. 396, 411 (S.D.N.Y. 2009) ("[p]robable cause is an absolute defense to most Fourth Amendment unlawful seizure claims, as well as New York common law false arrest and false imprisonment claims.").[8]  In short, "[t]he existence of probable cause for an arrest is an absolute defense to a false arrest claim." *Dancy*, 843 F.3d at 107 (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)) (cleaned up).

### A.    Actual Probable Cause Existed To Arrest Plaintiff For Trespass.

Probable cause exists "when the officers have knowledge or reasonably trustworthy infor-mation of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dancy*, 843 F.3d

---

[8] Plaintiff's Amended Complaint denominates his claim as one for "False Arrest And Illegal Im-prisonment," *see* Amend. Compl. at ¶¶ 35–38, which is the same as false arrest under New York law.  *See, e.g., McKay v. City of New York*, 32 F. Supp. 3d 499, 505 (S.D.N.Y. 2014) ("In New York, false arrest and false imprisonment 'are two names for the same tort.'") (quoting *Holland v. City of Poughkeepsie*, 90 A.D.3d 841, 935 N.Y.S.2d 583, 589 (2d Dep't 2011)).

at 107 (quoting *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013)).  Probable cause requires only a probability—not an actual showing—of criminal activity, *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983), and "depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time of the arrest."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  The arresting officer "need only possess enough information to convince a reasonable person that the arrestee committed an offense, and if he does, then he is immune from a subsequent claim of false arrest."  *Brown v. City of New York*, 201 F. Supp. 3d 328, 331 (E.D.N.Y. 2016) (citations omitted).

Plaintiff was arrested and charged with Criminal Trespass in the Second and Third Degrees under N.Y. Penal L. §§ 140.15 & 140.10, respectively.  Police Ofc. 56.1 at ¶ 1.  Plaintiff was also cited for the violation of simple Trespass under N.Y. Penal L. § 140.05.  *Id.*  Criminal Trespass in the Second Degree occurs when a "person . . . knowingly enters or remains unlawfully in a dwelling[.]"  N.Y. Penal L. § 140.15(1).  Criminal Trespass in the Third Degree and the violation under Section 140.05 are similar, but do not require the subject property to be a "dwelling."  *See* N.Y. Penal L. §§ 140.05 & 140.10.

Upon arriving at 9109 Avenue N in Brooklyn, the location of the incident, Officer Gourlay and the other police officers were informed: (1) that Kenneth Blackett was the owner of the building; (2) that Mr. Blackett was inside of the basement of the property, which is not rented or leased out, and which therefore remains Mr. Blackett's exclusive property; and (3) that Plaintiff, who does not live at 9109 Avenue N, was inside the house and attempted to enter (and did enter) the basement where he was not permitted to be.  *See* Blackett 56.1 at ¶ 1, 21, 28.  This, in and of itself, was enough to establish probable cause to arrest Plaintiff for trespass.  *See Singer v. Fulton Cnt'y Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("[a]n arresting officer advised of a crime by a person who

claims to be the victim . . . has probable cause to effect an arrest."). *See also Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005) ("[p]robable cause will generally be found to exist when an officer is advised of a crime by a victim or an eyewitness."); *Jimenez v. City of New York*, 2015 U.S. Dist. LEXIS 128604, at *13 (S.D.N.Y.) ("A victim's report of a crime is generally sufficient to establish probable cause for arrest."). "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." *Campbell v. Giuliani*, 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y.) (citing *Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed"), *aff'd*, 993 F.2d 1534 (2d Cir. 1993)).

Plaintiff will likely argue various mitigating factors that he claims would have proven him innocent of trespass. For example, Plaintiff contends that he believed he was authorized to enter the basement because he was invited by his friend, and he understood the friend to have authority over the entire building. But Plaintiff's subjective beliefs are not relevant to the probable cause inquiry, and Officer Gourlay had no obligation to listen to, much less credit, Plaintiff's version of events. *See, e.g.*, *Panetta v. Crowley*, 460 F.3d 388, 395–96 (2d Cir. 2006) ("Nor does it matter that an investigation might have cast doubt upon the basis for the arrest."); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("Although a better procedure may have been for the of-ficers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him."); *and see Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested.").

In sum: Officer Gourlay was informed by a person with apparent (and actual) authority over the property that Plaintiff had entered the basement without authorization and was therefore

13

trespassing in that location.  As a result, Officer Gourlay had probable cause to arrest Plaintiff for any of the three levels of Trespass, and Officer Gourlay is therefore entitled to summary judgment on Plaintiff's false arrest claim.

**B.    Arguable Probable Cause Existed And Officer Gourlay Is Therefore Entitled To Qualified Immunity.**

Even if the Court determines that Officer Gourlay lacked *actual* probable cause, the undisputed facts nonetheless support a conclusion that there was *arguable* probable cause, and that he is therefore entitled to qualified immunity on Plaintiff's claims.  Qualified immunity provides an important safeguard that allows law enforcement officers to perform their job without fear of constant litigation.  *See Pearson*, 555 U.S. at 231 (explaining that qualified immunity "balances the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.").  Police officers "who act in ways they reasonably believe to be lawful, should not be held personally liable" even if they were mistaken.  *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *see also Oliveira v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994).  The Supreme Court has noted, time and again, that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (*per curiam*) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

An arresting officer is "entitled to summary judgment on qualified immunity grounds if his actions were not objectively unreasonable at the time they were taken[.]"  *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997).  *See also Provost v. City of Newburgh*, 262 F.3d 146, 169 (2d Cir. 2001) ("in an unlawful arrest action, an officer is immune if he has 'arguable probable cause,' and is subject to suit only if his 'judgment was so flawed that no reasonable officer would have made

14

a similar choice.'") (quoting *Lee*, 136 F.3d at 103 and *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995), respectively); *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 416 (2d Cir. 1999); *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991).  Similar immunities apply to Plaintiff's state law false imprisonment claim.  *See, e.g.*, *Gonzalez*, 728 F.3d at 158 n.4 ("New York Law . . . grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis." (omission and brackets in original)) (citing *Papineau v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006) and *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 364 (2d Cir. 2004)).  In short, if Officer Gourlay reasonably believed that probable cause existed, or, if reasonably competent police officers could disagree as to whether probable cause existed, then he is entitled to qualified immunity.

For the same reasons that actual probable cause existed, as discussed above, Officer Gourlay was at least entitled to reasonably believe in the existence of probable cause, even if that legal belief was mistaken.  Officer Gourlay is therefore entitled to qualified immunity, and the false arrest claim against him should be dismissed.

## POINT III
## PLAINTIFF CANNOT ESTABLISH THE ELEMENTS OF
## MALICIOUS PROSECUTION AGAINST OFFICER GOURLAY

A malicious prosecution claim under § 1983 takes most of its elements from New York state law.  *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citing *Conway v. Vill. of Mount Kisco*, 750 F.2d 205, 214 (2d Cir. 1984)).  "In order to prevail . . . [P]laintiff is required to demonstrate: (i) the commencement or continuation of a criminal proceeding against [him]; (ii) the termination of the proceeding in [his] favor; (iii) 'that there was no probable cause for the proceeding'; and (iv) 'that the proceeding was instituted with malice.'"  *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)); *see also Torres v. Jones*, 26 N.Y.3d 742, 760 (2016).  A malicious prosecution claim under § 1983 further

requires that Plaintiff demonstrate "a sufficient post-arraignment liberty restraint to implicate [his] Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Plaintiff bears the burden of establishing each one of the elements of malicious prosecution, including the lack of probable cause. "Because 'accusers must be allowed room for benign mis-judgments,' the New York Court of Appeals has held that the law 'places a heavy burden on malicious prosecution plaintiffs. . . .'" *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)). In this case, Plaintiff cannot establish that the prosecution was commenced without probable cause, or that Officer Gourlay acted with 'actual malice'.

### A.    Probable Cause Did Not Dissipate Before The Prosecution Was Commenced.

As with false arrest, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York. . . ." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *see also Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010). "Probable cause, in the context of malicious prosecution, has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). Generally, "[i]f probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined 'by the discovery of some intervening fact.'" *Johnson v. Constantellis*, 221 F. App'x. 48, 50–51 (2d Cir. 2007) (quoting *Kinzer*, 316 F.3d at 144). It is unequivocally Plaintiff's burden to establish the existence of additional facts that were known to the arresting officer, and which dissipated probable cause between the time of the arrest and the initiation of the prosecution. *See, e.g.*, *Moore v. Newton*, No. 14-CV-6473 (MKB) (CLP), 2016 U.S. Dist. LEXIS 121839, at *40 (E.D.N.Y. Sep. 7, 2016) (citing *Dukes v. City of New York*, 879 F. Supp. 335, 341–42 (S.D.N.Y. 1995)); *Posr v. N.Y. State Court Officer*,

16

No. 96-CV-5200 (CLP), 2006 U.S. Dist. LEXIS 13934, at *40 (E.D.N.Y.).  Plaintiff has not met

that burden in this case.  In fact, Plaintiff has adduced *no* evidence of facts that came to light

between his arrest and the commencement of the prosecution.  Thus, so long as Officer Gourlay

had probable cause to arrest Plaintiff, which he did, he also had probable cause to initiate a prose-

cution for the same charges.

Moreover, even if Officer was mistaken in the belief that probable cause existed to initiate

the prosecution, for the same reasons stated above with respect to false arrest, he would be entitled

to qualified immunity since he acted in a manner that was objectively reasonable, and Plaintiff

cannot establish that no officer of reasonable competence would have made the same choice.  *See,*

*e.g.*, *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013) (quoting *Escalera v. Lunn*, 361

F.3d 737, 743 (2d Cir. 2004)).  Officer Gourlay is therefore entitled to qualified immunity on Plain-

tiff's malicious prosecution claim as well.

### B.    Plaintiff Cannot Establish Actual Malice.

Plaintiff also cannot show that his prosecution was instituted with actual malice.  In the

context of a malicious prosecution claim, malice consists of "a wrong or improper motive, some-

thing other than a desire to see the ends of justice served."  *Lowth v. Town of Cheektowaga*, 82

F.3d 563, 573 (2d Cir. 1996) (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 503 (1978)).  "[W]hile

the absence of probable cause may bear on the malice issue, the two remain independent elements

of a malicious prosecution action."  *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 295

(S.D.N.Y. 2001) (citation omitted).  Plaintiff must present admissible evidence of malice and may

not merely infer its existence where there are no facts upon which to base that assumption.  *See*

*Fulton v. Robinson*, 289 F.3d 188, 198–99 (2d Cir. 2002) (affirming grant of summary judgment

for defendants after plaintiff failed to present evidence of actual malice); *Miyares*, 2013 U.S. Dist.

LEXIS 110406, at *17 (S.D.N.Y.) ("malice may not be inferred if the offending conduct is not

egregious"); *see also Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 423 (S.D.N.Y. 2002) ("[T]here must be 'a showing of some deliberate act punctuated with awareness of 'conscious falsity' to establish malice.'") (internal citation omitted).  Plaintiff has adduced no evidence of any deliberate act or acts by Officer Gourlay that would support a finding of actual malice.  At most, Plaintiff has sought to infer an improper motive from the fact that the NYPD officers at the scene treated co-Defendant Blackett with professional courtesy as an off-duty law enforcement officer.[9] Such inference and innuendo is not sufficient to sustain a malicious prosecution claim against summary judgment.

Because Plaintiff cannot establish either a lack of probable cause or actual malice, Officer Gourlay is entitled to summary judgment on his claim of malicious prosecution.

## POINT IV
## PLAINTIFF HAS FAILED TO EVEN ALLEGE—MUCH LESS ESTABLISH—A CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL

The Amended Complaint purports to state a claim denominated as "DENIAL of a FAIR TRIAL".  Amend. Compl. at ¶¶ 70–73.  Once again, the lack of any tangible specifics in the pleading, much less in the evidence adduced during discovery, precludes any possible recovery on such a claim.

Plaintiff alleges only that that "Defendants' misrepresentations about plaintiff deprived plaintiff of liberty."  *Id.* at ¶ 71.  Plaintiff does not, however, specify which "misrepresentations" he is basing his claim on, nor how those alleged misrepresentations "deprived [him] of liberty." This deficient pleading is enough to warrant dismissal under Rule 12(b)(6).  *See, e.g.*, *Lewis v. City of New York*, 591 F. App'x 21, 22 (2d Cir. 2015) (where plaintiff "provided no detail regarding the

---

[9] To be clear, Kevin Blackett was *not* acting within the scope of his duties as a New York City Correction Officer during his encounter with Plaintiff, and his actions were not done under the color of law, and therefore cannot form the basis of a claim under § 1983.

evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial."); *McDaniel v. City of New York*, 585 F. Supp. 3d 503, 520 (S.D.N.Y. 2022) (collecting cases for the proposition that "[w]ithout more specific allegations, [plaintiff] fails to state a claim for denial of fair trial.").

Even if Plaintiff had alleged sufficient facts to state a claim for "fair trial", such claim would fail for the simple reason that "there was no trial." *Nieves v. Fahmy*, No. 15-CV-7297 (AMD) (ST), 2016 U.S. Dist. LEXIS 159057, at *11–12 (E.D.N.Y. Nov. 16, 2016) (citing *Walker v. City of New York*, 2015 U.S. Dist. LEXIS 91410, at *13 (S.D.N.Y.)); *see also Bailey v. City of New York*, 79 F. Supp. 3d 424, 445 (E.D.N.Y. 2015) (Weinstein, J.) ("A section 1983 claim for the denial of a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction." (citing *Heck v. Humphrey*, 512 U.S. 477, 489–490 (1994))). Moreover, even if there had been a trial, the mere knowledge of "falsity" falls short of a claim that officers deliberately fabricated evidence, such as the Second Circuit first appeared to recognize in *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). In fact, the Second Circuit has found that even "[t]he manufacture of false evidence, in and of itself . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000). But Plaintiff does not even allege the fabrication of evidence—rather, he alleges mere "misrepresentations" without specifying what those "misrepresentations" were, to whom they were made, nor how they acted to deprive him of liberty. This is plainly insufficient to state a claim. Plaintiff's "Denial of a Fair Trial" claim against Officer Gourlay must therefore be dismissed.

**POINT V**
**PLAINTIFF CANNOT ESTABLISH**
**A CLAIM FOR DENIAL OF MEDICAL CARE**

Plaintiff alleges that the police officers who responded to the incident were "deliberately indifferent to plaintiff's serious medical needs when they refused to call for medical attention in a timely manner at the scene[.]" Amend. Compl. at ¶ 105. This allegation is utterly refuted by the evidence actually adduced in the case.

"A claim for deliberate indifference to medical needs brought by a pretrial detainee in state or municipal custody . . . is brought under the Due Process Clause of the Fourteenth Amendment[, and a] plaintiff bringing such a claim must show both that (1) he had a 'serious medical condition,' and (2) that he was treated with 'deliberate indifference.'" *Gersbacher v. City of New York*, 134 F. Supp. 3d 711, 724 (S.D.N.Y. 2015) (quoting *Caiozzo v. Koreman*, 581 F.3d 63, 69 & 72 (2d Cir. 2009)) (cleaned up). Plaintiff cannot establish either of these elements of his claim because, as the evidence indisputably establishes, Plaintiff was offered medical care multiple times at the scene and declined each time. *See* Blackett 56.1 at ¶¶ 23, 32; *see also* Zimm. Decl. Ex. E, April 19, 2024 Deposition of Plaintiff Nathaniel Watt ("Pl.'s Dep.") at 39:18–22, 40:09–15. Once Plaintiff was transported back to the precinct and requested medical care he was promptly transported to a hospital where he was evaluated, treated, and released back into NYPD custody. *See* Zimm. Decl. Ex. E, Pl.'s Dep. at 46:08–22 & 51:09–15. Moreover, while there is no dispute that Plaintiff suffered only a minor non-permanent eye injury, he has failed to establish either that his medical condition was sufficiently serious, or that any NYPD officer acted with deliberate indifference. *See, e.g.*, Police Ofc. 56.1 at ¶ 5; *see also* Pl.'s Dep. at 47:11–22 (Plaintiff did not believe the officers were ignoring him at the precinct). And, finally, Plaintiff has not established any actual damages arising from the timing of the medical care that was provided to him. *See, e.g.*, Zimm. Decl. Ex. E, Pl.'s

Dep. at 64:09–20 (Plaintiff has no medical records from his single follow-up visit and never sought any further care).

On the record of this case, Plaintiff cannot establish that any member of NYPD was deliberately indifferent to his serious medical needs, or that he suffered any lasting harm from the timing or quality of care he was provided while in custody.

### POINT VI
### PLAINTIFF HAS NOT ALLEGED OR ESTABLISHED A DUE PROCESS CLAIM BASED ON THE CONDITIONS OF HIS CONFINEMENT

Plaintiff's "Seventh Cause of Action" is denominated as one for "Due Process Violation – Conditions of Confinement". Amend. Compl. at ¶¶ 63–69. To state such a claim, Plaintiff "must satisfy. . .: (1) an 'objective' element, which requires a showing that the challenged conditions of confinement were sufficiently serious, and (2) a 'subjective' or 'mental' element, which requires a showing that the defendant correction or custodial official acted with at least deliberate indifference to the challenged conditions." *Urena v. City of New York*, 2024 U.S. Dist. LEXIS 111762, at *9–10 (S.D.N.Y.) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29–33 (2d Cir. 2017)). Plaintiff has done neither.

Plaintiff appears to allege four separate "objective" conditions that he believes were sufficiently serious as to violate his rights to due process. First, Plaintiff alleges that he was "denied food and water at the precinct." Amend. Compl. at ¶ 64. However, this naked allegation is not even repeated elsewhere in the Amended Complaint, much less supported by any evidence in the record. Indeed, Plaintiff has never once specifically alleged how long he was deprived food and water, whether he requested sustenance from anyone who denied that request, or any other factor required to establish a violation of his due process rights. As such, he has failed to state, much less establish a right to trial on, any claim related to a denial of food and water. *Cf. Jones v. NYC/DOC/VCBC Warden Carter*, 2022 U.S. Dist. LEXIS 228216, at *22–23 (S.D.N.Y.)

(collecting cases and saying an "eight-hour deprivation of food and water [was not] objectively, sufficiently serious to give rise to a constitutional claim as a matter of law." (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (cleaned up). *See* Police Ofc. 56.1 at ¶¶ 2–3; *see also* Zimm. Decl. Ex. E, Pl.'s Dep. at 51:11–15 (Plaintiff believed he was at the precinct for "probably, like 20 minutes" before he was transported to the hospital); *id.* at 108:01–03 (Plaintiff spent only "two to four hours" at Brookdale); *and id.* at 60:05–12 (Plaintiff recalled being transported to Central Booking immediately after release from the hospital)).

Next, Plaintiff alleges three separate "conditions" that he claims were unconstitutional: (1) that he was "subjected to an improper unreasonable search"; (2) he was "denied timely medical treatment"; and (3) that he was "handcuffed . . . forcibly too tightly and for a length of time in violation of his rights." Amend. Compl. at ¶¶ 65–67. None of these state a due process claim based on the conditions of confinement. The "improper" search claim falls under Plaintiff's general Fourth Amendment claim to be free from unreasonable search and seizure—i.e., his false arrest claim. The denial of medical treatment claim is a separate due process violation and has already been addressed in the previous section. *See* Point IV, *supra*. And finally, his tight handcuffing allegation is not only an improperly-characterized and insufficiently-pled excessive force claim, but also plainly disproved by Plaintiff's own testimony. *See, e.g.*, Zimm. Decl. Ex. E, Pl.'s Dep. at 43:05–16 (handcuffs were immediately loosened upon Plaintiff's first complaint that they were too tight). Plaintiff has therefore failed to establish any objective condition that was "sufficiently serious" to support his due process claim.

Plaintiff has also failed to adduce any evidence that would support the subjective prong of his Due Process claim. As discussed above in relation to his claim for deliberate indifference to medical needs, Plaintiff has not accused any officer of acting with deliberate indifference to the

conditions of confinement.  Plaintiff not even provided a single instance where he requested treatment or other accommodation and was flatly refused.  On this record, Plaintiff simply cannot establish that any of the "conditions" of his time in custody were unconstitutional.

### POINT VII
### PLAINTIFF HAS NOT ALLEGED OR ESTABLISHED
### A CONSPIRACY TO VIOLATE HIS CIVIL RIGHTS

Finally, Plaintiff purports to allege a "conspiracy" between Officer Gourlay and co-Defendant Blackett "to cover up Defendant Blackett's attempted murder of plaintiff by agreeing amongst themselves to falsely accuse plaintiff of trespass and burglary."  Amend. Compl. at ¶ 23. Plaintiff has not even adequately alleged the elements of a Section 1983 conspiracy claim, much less come forward with evidence to support such a theory.

"To succeed on a Section 1983 claim for conspiracy, a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  *McCree v. City of New York*, No. 21-cv-02806 (NCM) (LKE), 2025 U.S. Dist. LEXIS 54046, at *20 (E.D.N.Y. Mar. 24, 2025) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).  Plaintiff cannot meet the burden of proof for establishing such a claim against Officer Gourlay.

A conspiracy claim must be supported by "some factual basis to support a 'meeting of the minds.'"  *Id.* at *24–25 (quoting *McCrae v. Town of Brookhaven*, No. 18-CV-7061 (NRM) (LB), 2024 U.S. Dist. LEXIS 227171, 2024 WL 5120016 (E.D.N.Y.)).  "A § 1983 conspiracy claim based on conclusory allegations and unsubstantiated statements may not withstand a summary judgment motion where the record is devoid of any proof of an agreement among Defendants to act in concert to violate Plaintiff's constitutional rights."  *Mitchell v. County of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011).  It is not sufficient for Plaintiff to allege the mere existence of an agreement

between Officer Gourlay and co-Defendant Blackett, at this post-discovery stage he must "present facts as to the time, place, or substance of any agreement. . . ." *McCree*, 2025 U.S. Dist. LEXIS 54046, at *25. Plaintiff's bare allegation that Gourlay and Blackett conspired against him is plainly insufficient, and Plaintiff can present no further evidence to support such a claim. Officer Gourlay is therefore entitled to summary judgment on Plaintiff's conspiracy claim. *See Ostensen v. Suffolk County*, 236 F. App'x 651, 653 (2d Cir. 2007) (affirming grant of summary judgment on Section 1983 conspiracy claim where "the record is devoid of any evidence that could establish the existence of a conspiracy").

Plaintiff also cannot establish that any agreement between Gourlay and Blackett resulted in an "unconstitutional injury" because, as explained *supra* at Point II, probable cause existed to arrest Plaintiff for trespass. Moreover, co-Defendant Blackett has expressly denied playing any role in the decision to arrest Plaintiff (*see* Blackett 56.1 at ¶¶ 36–37), and Plaintiff has adduced no admissible evidence to contradict that assertion. Even if the Court finds that Officer Gourlay had only "arguable probable cause" to arrest Plaintiff, such a finding would establish an objectively reasonable belief by Officer Gourlay that probable cause existed, which would preclude a simultaneous finding that Gourlay acted in concert with co-Defendant Blackett to deliberately deny Plaintiff of his civil rights.

Because Plaintiff has adduced no evidence of an actual conspiracy, and because he cannot establish any constitutional injury, he cannot maintain a conspiracy claim against Officer Gourlay, and Officer Gourlay is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to establish a right to recover on any of his claims under federal law, and Defendants Gourlay and Redhead therefore respectfully request that the Court grant their motion to dismiss and for summary judgment in its entirety, dismiss all of the

claims against them with prejudice, and grant such other and further relief as the Court deems just and proper.

### CERTIFICATION

Pursuant to the Court's Individual Practices and Rules the foregoing Memorandum of Law is within the 25-page limit specified in Rule 4.C.  Further, in accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 8087.

Dated:  New York, New York
      June 6, 2025

**MURIEL GOODE-TRUFANT**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants Gourlay and Redhead*
100 Church Street
New York, New York 10007
(212) 356-2423

By:                                 
Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc:     All Counsel (**via ECF**)